WESTERN DIST.
*Sept.* 1837.

O'DONOGAN
*vs.*
KNOX.

11L 384
52 1195

### O'DONOGAN *vs.* KNOX.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT FOR THE PARISH OF ST. LANDRY, THE JUDGE OF THE DISTRICT PRESIDING.

In an action of revendication by an heir at law, demanding the property of a succession, which is in the hands of the instituted heir, who claims and holds it under the will, the *District* and not the Probate Court, is the proper tribunal in which the suit must be brought.

Where the District Court has jurisdiction of the subject matter, and a will is set up as the basis of title, and its validity is attacked, the court will decide on its validity and legal effect, as in any other case of title.

This is an action by an heir at law, claiming a share of the succession of her deceased sister, who was the wife of the defendant, who holds possession of it under a will, as instituted heir and universal legatee.

The plaintiff alleges she is the sister and heir at law of Eleanor O'Donogan, deceased, and as such entitled to inherit one half of her succession. That it is now in the hands of the defendant, and consists of paraphernal effects, to the value of two thousand dollars, and one half of the community lately existing between the deceased and the defendant, worth fifty thousand dollars. That the defendant sets up a will of the deceased, made in 1829, by notarial act, as the basis of his title to the property of said succession, which will she expressly charges to be null and void, on account of vices of nullity in its execution, etc.

The plaintiff prays that she be recognized as heir at law of her deceased sister; that said will be declared null and void, and that she have judgment for the amount of her portion of her deceased sister's succession, which she owned at her death.

The defendant pleaded to the jurisdiction of the District Court, on the ground that the Court of Probates, for the parish of St. Landry, had exclusive jurisdiction of the matters. and things set up in the petition.

Upon this plea and issue, the case was decided.

The district judge was of opinion, that as the will sought to be annulled, had been admitted to probate and ordered to be executed, the court had no jurisdiction, but that the Probate Court had exclusive jurisdiction of the case. There was judgment dismissing the case, from which the plaintiff appealed.

*Swayzé* and *Garland,* for the plaintiff.

1. It is contended that an action of nullity should have first been brought in the Probate Court, to set aside the judgment admitting the will to probate, before the plaintiff can get at the property. But a third party may avail himself of the nullity of a judgment when it forms the basis of an action against him. 3 *Louisiana Reports,* 242.

2. The order probating a will is not such a judgment as requires an action of nullity to be instituted to set it aside.

3. Any person interested in annulling a will, the execution of which has been ordered in the Court of Probates, may institute suit for that purpose in the District Court. 10 *Martin,* 1. 1 *Martin, N. S.* 577.

4. The plaintiff was no party to the judgment probating the will, and is not bound by it. When an executor presents his account, and obtains a discharge without notice to the heirs, he is liable to be again sued, without annulling the judgment discharging him. 2 *Louisiana Reports,* 147.

5. The Probate Court is without jurisdiction in a suit between two sets of heirs, relative to the succession in controversy. 2 *Louisiana Reports,* 23.

*Lewis* and *Bowen,* for the defendant.

*Carleton, J.,* delivered the opinion of the court.

The petitoner avers, that Eleanor O'Donegan, wife of the defendant, died without descendants, but leaving a mother, and the petitioner, her sister, who are her only legal heirs. That the deceased brought into marriage property consisting of land, money and cattle, hogs, horses and furniture, all of

49

the value of a thousand dollars; that during the marriage, she came to the possession of other property, amounting to the same sum; that no marriage contract existed between the parties; that all the other property in their possession at the death of Eleanor, consisted of acquests and gains, made during marriage, one half of which descended of right to her legal heirs. That such acquests and gains consisted of a tract of land near Opelousas, on which defendant now resides, of several houses and lots in the town of Opelousas, a large number of slaves, a stock of cattle, hogs, horses and sheep, a considerable sum of money, a quantity of household furniture, and divers other property, both movable and immovable, situated in the parish of St. Landry, and elsewhere, altogether of the value of fifty thousand dollars; also, debts due from different persons, amounting to the further sum of ten thousand dollars; one moiety of all of which, after deducting the paraphernal property of said Eleanor, belonged to her at the time of her death.

The petitioner further sets out, that the defendant has taken possession of the whole of the above property, claiming his wife's portion, as her heir, under the last will and testament, which the petitioner alleges to be null and void, for the following reasons :

1. Because it was not dictated by said Eleanor to James Ray, pretending to act as a notary public, in the presence of the subscribing witnesses, nor was it written in presence of said Eleanor and the witnesses.

2. Because it does not appear that it was dictated by said Eleanor to said Ray, and written by him as dictated.

3. Because it is not dated at any particular place.

4. Because said Ray, who wrote the will, was not a notary public at the date thereof.

5. Because if said Ray were a notary public, he was not such for the parish of St. Landry, or any other parish in the state.

6. Because it is not set forth in said will, that all the requisite formalities were observed, without interruption, at one time, and without having turned aside to other acts.

7. Because it is not stated that the witnesses who signed the will were domiciliated in the parish of St. Landry, or any other parish in the state.

8. Because it is not stated that said Ray read the will to said Eleanor in the presence of the witnesses, or otherwise.

9. Because said will is deficient in all the forms required by law to make a legal and valid testament.

The petitioner concludes with a prayer that she be recognized as one of the heirs of said Eleanor ; that said last will and testament be declared null and void ; that she have judgment for one fourth of the property held in community if it exist, in the possession of defendant ; otherwise for the sum of fifteen thousand dollars, the value of such fourth part ; that an inventory be made, and a partition take place after judgment in her favor, and that she have relief generally.

The defendant having died before issue joined, his administrator filed for answer " that the court has no jurisdiction of this cause, but that the Court of Probates of the parish of St. Landry, has exclusive jurisdiction of the matters and things set up in the plaintiff's petition," and prays that the suit be dismissed.

On the trial upon this plea the court decreed as follows : " In this case it appearing to the court, that the will sought to be set aside by the plaintiff, had been admitted to probate, and ordered to be executed by the Court of Probates of the parish of St. Landry ; and this court being of opinion that it has no jurisdiction of this cause, it is therefore ordered, adjudged and decreed, that this suit be dismissed, that there be judgment against the plaintiff for the costs of this suit to be taxed."

From this judgment the plaintiff appealed.

We are aware of the difficulties attendant on this question of jurisdiction, and have not formed an opinion without much hesitation.

The plaintiff sets up a claim under the law of inheritance, to lands, slaves, and a variety of movable property ; that

O'DONOGAN
vs.
KNOX.

In an action of revendication by an heir at law, demanding the property of a succession, which is in the hands of the instituted heir, who claims and holds it under the will, the District and not the Probate Court, is the proper tribunal in which the suit must be brought.

these are proper subjects for the exercise of the jurisdiction of District Courts, cannot be doubted.

But the petitioner proceeds further, and alleges the nullity of the will, which constitutes the very title under which the defendant holds the property in controversy. Before what court then must the validity of this will be tested ?

By the law defining the jurisdiction of the Courts of Probate, it is declared :

That they shall have exclusive power " to open and receive the proof of last wills and testaments, and to order the execution and recording them.

" To decide on claims for money which are brought against successions administered by curators, testamentary executors or administrators of successions, and to establish the order of privileges and mode of payment.

" All debts in money which are due from successions administered by curators appointed by courts, and by testamentary executors, shall be liquidated, and their payment enforced by the Court of Probates of the place where the succession was opened.

" The case is different with respect to the action of revendication, and other real actions which shall be instituted against such estates ; they may be brought before the ordinary tribunals."

The French text is still more explicit : " *elles sont du ressort des tribunaux ordinaires.*" *Code of Practice, articles* 924, 983.

It appears then that the jurisdiction of the Courts of Probate, is limited to claims against successions *for money,* and that all claims for real property appertain to the ordinary tribunals, *and are denied to Courts of Probate.* The plaintiff in this case was, therefore, compelled, in suing for the property of the succession, to seek redress in the District Court, and whether she attacked the will, or the defendant set it up as his title to the property, the court having cognizance of the subject, must of necessity examine into its legal effect.

And although the will may have been admitted to probate, and an order given for its execution, yet these are only pre-

liminary proceedings necessary for the administration of the estate, and not a judgment binding on those who are not parties to them.    When, therefore, in an action of revendication, a testament with probate becomes a subject of controversy, it will surely not be contended that a court of ordinary jurisdiction, having cognizance of the principal matter, shall suspend its proceedings until another court of limited powers shall pronounce upon the subject ; for, in that case the ordinary courts would submit to another tribunal, the decision of the main question in the cause, without right of trial by jury, and would have little else to do than to comply with its decrees.    Whereas, if the ordinary courts should examine into the validity of testaments, drawn in controversy before them, they will do no more than we have often said a court of limited jurisdiction may do, even in relation to a question it could not directly entertain.

WESTERN DIST.
*Sept.* 1837.

o'donogan
vs.
KNOX.

Where the District Court has jurisdiction of the subject matter, and a will is set up as the basis of title, and its validity is attacked, the court will decide on its validity and legal effect, as in any other case of title.

In the case of M'Caleb vs. M'Caleb, in 8 Louisiana Reports, we recognized the right of the Probate Court to inquire collaterally into the character of certain alienations of real estate ; and in one of them, whether contracts purporting to be sales, were in truth intended as donations.    Such an inquiry became necessary in order to ascertain in what proportions the remaining property was to be distributed, which was the main question for its decision.

Nor does this opinion necessarily conflict with the decision of the Court, in the case of Lewis's Heirs vs. His Executors et al., 5 Louisiana Reports, 387, cited by defendants counsel. There the whole property of the succession was in the hands of the executor, the officer of the court whose functions had not expired.    In the case before us, the will was admitted to probate, on the 26th May, 1831, and William G. Knox, the defendant and testamentary heir, confirmed as executor on the 27th of same month and year.    In May, 1832, his functions as executor had expired, the probate of the will had taken effect, and the will itself executed by his coming as heir into the possession of the estate under it, long before the institution of this suit, in November, 1833.

WESTERN DIST.
Sept. 1837.

We think the District Court erred in refusing to entertain jurisdiction of the cause.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that this cause be remanded with instructions to the court to proceed therein, according to law, and the costs to be paid by appellee.