THOMAS S. EDRINGTON *v.* HENRY TÊTE and others.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Preston,* for the appellant, submitted this case without argument.  No counsel appeared for the defendants.

MORPHY, J.  The petition represents that the defendants, and other persons therein named, are joint owners of the steamboat Paul Jones, a vessel by them employed in carrying goods and passengers for hire, and that they are indebted to the plaintiff, *in solido,* in the sum of $360 25, for this, that in the month of June, 1839, the plaintiff contracted with Robert Scott, the captain of said steamer to tow a boat from the city of New Orleans, to his (the plaintiff's) residence in the parish of St. John the Baptist ; that owing to the fault, negligence, or evil intentions of the captain, the boat was capsized and sunk in the Mississippi river, whereby the plaintiff sustained damage to the amount claimed, in the loss of money, clothing, merchandize, and other articles contained in the boat.  The defendants plead the general issue, and aver that the boat spoken of was placed in tow of the steamer Paul Jones, by the plaintiff himself, and entirely at his own risk, that no contract was ever made with him as alleged, and that they have never occasioned any damage or injury to the petitioner, and are in no manner indebted to him.  The defendants had a judgment in their favor, from which the plaintiff has appealed.

The judgment is, in our opinion, fully sustained by the evidence in the record; but we are told that it should have been one of nonsuit, and we are asked so to change it. We can see no reason why this should be done. On the trial of the case the plaintiff's counsel moved the court for a continuance, on the ground that a commission previously issued had not yet been returned. This motion, having been resisted by the opposite party, the counsel left the court without pressing his motion, or excepting to the opinion of the court overruling it. The defendants then proceeded with the cause, and, having made out their defence, were entitled to a judgment on the merits. The plaintiff had the privilege of discontinuing his suit, on paying the costs, and of beginning his action anew. This he did. not think proper to do, but 'abandoned the cause, leaving it in our opinion optional with the defendants either to require a judgment of nonsuit against him, or to try the case, *ex parte*, and demand a final judgment. Code of Prac. arts. 491, 536. The plaintiff has no good ground of complaint. We are bound to presume that the judge properly refused the continuance asked for, as the plaintiff has not undertaken to show that there was error in the decision.

*Judgment affirmed.*