## SUCCESSION OF AUGUSTUS LUDEWIG—BENJAMIN LINDERMAN . and others, Appellants.

The right of children to attack donations made by their parents which exceed the disposable portion, accrues only after the death of the latter; for they might survive all their forced heirs, in which event all donations would be valid and binding.

APPEAL from the Court of Probates of Ouachita, *Lamy*, J.

*Copley*, for the appellants.

*McGuire*, contra.

MORPHY, J. The petitioners, who were the children of Marie Barbe Ludewig, by a former marriage with Conrad Linderman, their father, represent: That, in making the inventory of the estate of Augustus Ludewig, her last husband, the Probate Judge has placed on it one-third of the property of their mother, which, in her marriage contract with the deceased, she made a donation of to him; that the estate of the deceased is embarrassed, if not insolvent; and that it will become absolutely necessary to make a sale of all the property belonging to it for the purpose of paying his debts. They allege that the donation thus made to the deceased by their mother, is illegal and void, and they pray that the same may be cancelled and annulled, and that the item of one-third of the property of their mother may be struck from the inventory, as forming no part of the estate of the said Augustus

Ludewig.   Marie Barbe Ludewig, who had been appointed cura-
trix of her late husband's estate, answered, acknowledging the
petitioners as her children, and joined in their prayer to have
the donation annulled ; but the attorney for the absent heirs, and
Bernard Hemken, a creditor of the deceased, who intervened in
the suit, excepted to the jurisdiction of the court, and to the right
of the petitioners to bring this suit, they being without any inter-
est or right of action during the lifetime of their mother.   These
exceptions having been sustained, and the suit dismissed, the
petitioners have appealed.

We have no hesitation in saying that the decision complained
of is correct.   Could the Court of Probates even entertain juris-
diction of the subject matter of this petition, it is clear that the
plaintiffs are without interest in the premises.   They sue as the
legal heirs of their mother, who is yet alive. *Nemo est hæres
viventis.*   Their right to attack donations made by their mother,
if they exceed the portion which she can legally dispose of, will
accrue only at her death, for she might possibly survive all her
forced heirs ; and, in that event, all donations made by her would
be valid and binding on her.   She would not be listened to in an
attempt to impugn her own deed.   Code of Pract. arts. 15, 924,
925.   Civ. Code, art. 895.   11 La. 388.

*Judgment affirmed.*