### BRIDGET DUNN and others *v.* SARAH KENNEY and others.

Where plaintiffs, having failed in obtaining their evidence in time for a trial urged by the opposite party, were unable to make out their case, and the court ordered a dismissal as in case of non-suit, they will not be regarded as having abandoned the suit within the meaning of art. 3485 of the Civil Code, which declares that where a plaintiff abandons, or discontinues his case, prescription shall be considered as not having been interrupted thereby.

The fact that a marriage was celebrated by a person acting as a justice of the peace, and that the parties afterwards lived together as man and wife, is sufficient legal evidence of a marriage ; and the testimony of a witness who swore that he was a justice of the peace in another State, and celebrated the marriage, is sufficient proof of the fact that the witness was a justice.

District Courts have jurisdiction of an action to annul the legacies in a will, instituted by persons claiming to be heirs of the deceased, against the legatees in possession.

APPEAL from the District Court of the First District, *Buchanan,* J.

*E. C. Mix* and *Elwyn,* for the plaintiffs.

*Preston,* for the appellants.

BULLARD, J. The plaintiffs represent that they are the heirs at law of Barney Coffey, who died in the year 1836, leaving a testament, which has been admitted to probate, containing legacies to Sarah French, *alias* Coffey, of one-third part of his estate, and to his two children by said Sarah French, to wit, John and Ann, each of one-third. That said legacies are void, because the deceased Barney Coffey was not married to Sarah French at the time the will was executed, but that she had a lawful husband living at the time, to the knowledge of said Barney, to wit, one Peter Haney, from whom she eloped many years since with the said Barney, and lived in open concubinage. They

pray that the legacies may be declared null and void on the ground of incapacity, alleging further that the mother of Barney Coffey was living at the time of his decease.

Judgment was rendered for the plaintiffs, and the defendants appealed. In this court they further pleaded the prescription of five years, as a bar to the action to set aside the dispositions of the will, under art. 3507 of the Civil Code.

The judgment below was for the plaintiffs on the merits, and an attentive examination of the evidence in the record has satisfied us that it is not erroneous. The pre-existing marriage of Sarah French with Haney, and her elopement with Coffey, who knew of her previous marriage, are satisfactorily shown. The plea of prescription presents the only difficulty in the case.

This suit was instituted more than five years after the probate of the will. The prescription established by art. 3507 of the Code will consequently apply, unless by the effect of a previous action instituted by the plaintiffs, in which a judgment of non-suit was rendered, the prescription is to be considered as interrupted. The general rule is that prescription is interrupted by a suit instituted (art. 3484); but the next article provides that, "if the plaintiff in such case, after having made his demand, *abandons* or *discontinues* it, the interruption shall be considered as having never happened." Art. 3485.

The record of the former suit shows the following entry: "This cause came on to-day for trial before a jury, when the plaintiffs having offered no proof in support of their claim, it is adjudged and decreed that judgment of non-suit be entered against plaintiffs, and that they pay costs of suit."

If the record had shown that a jury was empannelled, we might have inferred that the non-suit was voluntary, because the defendant, in cases tried by a jury, has a right to a verdict, unless the plaintiff chose to suffer a non-suit. But that does not appear in this case.

In the case of *Edrington* v. *Tête* (2 Rob. 330), upon which the appellant relies, judgment final was rendered in favor of the defendants, and the plaintiff appealed, and in this court insisted that the judgment should have been one of non-suit. It appeared that the plaintiff had moved for a continuance, but on

its being opposed he left the court, without either proving his case, or taking a bill of exceptions. The only question on the appeal was, whether the court erred in giving final judgment for the defendants, after an *ex parte* trial under such circumstances; and we held, that the plaintiff had no good ground to complain, and that we must presume the continuance was properly refused.

The case of *Chretien* v. *Theard* occurred under the old Code, which did not contain the exception insisted on in this case. 2 Mart. N. S. 582.

In *Pratt* v. *Peet's Curator* (3 La. 282), there was a voluntary dismissal of the case, after the Supreme Court had intimated that the party could not obtain redress in the form of proceeding first adopted, by intervention. This was held not to be such a voluntary abandonment as to prevent the suit thus brought from interrupting prescription.

We conclude from all the circumstances in this case, that the plaintiffs, having failed in obtaining their evidence in time for a trial which was urged by the opposite party, were not able to make out their case, and that the court ordered it to be dismissed as in case of a non-suit; and that, under such circumstances, they ought not to be regarded as having voluntarily abandoned their case, in the sense of article 3485 of the Code.

There is a bill of exceptions in the record from which it appears, that the testimony of one Newsom, who swore that he was a justice of the peace in the State of Ohio, and celebrated the marriage of Peter Haney with Sarah French, was inadmissible, because the witness was incompetent to prove his capacity as a justice of the peace, and there was no legal evidence of the fact. The objection was overruled, and, we think, correctly. The fact that a marriage was celebrated by a person acting as a justice of the peace, and that the parties lived together afterwards as man and wife, is, in our opinion, sufficient legal evidence of a marriage.

There is a further bill of exceptions to the admission in evidence of certain depositions. The part which appeared hearsay, was stricken out by the court, and the bill has not been insisted upon in argument.

The question as to the jurisdiction of the District Court was decided in the case of *O'Donogan* v. *Knox*, 11 La. 384.\*

*Judgment affirmed.*

---

\**Preston*, for a re-hearing, urged that, if it be true, as the court have concluded, that the plaintiffs were non-suited in their first suit, before swearing the jury, it could only have been done in consequence of their failure to appear, which would be a voluntary abandonment of the suit, or, by their choice, in case of their appearance. A plaintiff cannot be non-suited against her will, before her case is submitted to a jury. *Bore* v. *Bush*, 6 Mart. N. S. 1. *Kernion* v. *Guenon*, 7 Ib. 171. The oral testimony of the witness was insufficient to prove his authority as a magistrate.

*Re-hearing refused.*