HEIRS OF LEUFROY PROVOST *v.* CELESTINE PROVOST, Widow.

Where a will was probated before the Clerk of the District Court, and an order granted that it be executed, recorded and deposited in the Clerk's office—*Held:* That such a decree is not conclusive upon the heirs not cited, and that when set up as a muniment of title against their claims to property belonging to their inheritance, the validity of the will thus probated may be called in question by them collaterally.

Where the following disposition was contained in a will, viz : " *I give and bequeath to my beloved wife, the plantation upon which I reside, and the following slaves, &c., &c. I further will, that upon the demise of my said wife, that the property bequeathed her return to my brothers and sisters and be equally divided between them.*"—*Held:* That such a disposition is a prohibited substitution—null even as to the legatee—and that the prohibition contained in Article 1507 of the C. C., being in the interest of public order, the bequest clashing with it is an absolute nullity, incurable by the prescription of five years.

APPEAL from the District Court of the Parish of St. Mary, *Voorhies,* J. *DeBlanc & Fuselier,* for plaintiffs. *Henry Gibbon,* for defendant and appellant.

SPOFFORD, J. The plaintiffs aver that they and their brother *Edward Provost* are the sole heirs at law of *Leufroy Provost,* who died in the parish of St. Mary in 1849 ; that his widow, the defendant, has taken possession of the property of his succession, as described in an inventory annexed to the petition, and has reaped the fruits thereof since his death ; and that they are entitled to recover the said property from her, and also its revenues, which are worth $1200 per annum. They pray for a decree accordingly.

The defendant answers that she holds the said property, as owner, by virtue of her husband's last will, which has not been set aside by any judgment or decree of court, and if the said will be ineffective to transfer to her the property, she, nevertheless, holds it by good title in her own right, as partner in community with her late husband, being absolutely owner of one-half, and, by law, usufructuary of the other half. She also pleads the prescription of five and ten years.

The judgment recognized the legal heirs of *Leufroy Provost* as the owners of all his separate property left in the succession, and of one-half of the community ; reserving all other matters for adjudication on the liquidation of the estate.

The defendant has appealed.

Her counsel makes but two points in this court : first, that the will having been admitted to probate, and its execution ordered by a competent court, must have its effect until set aside by a direct action, and cannot be questioned collaterally ; and, secondly, that the defendant's possession under a will thus probated entitles her to avail herself of the prescription of five years, as to the slaves and other effects, the plaintiffs' claim to the lands having been relinquished.

I. The will was probated *ex parte* before the Clerk of the District Court upon the same day that it was first presented. The order was that it be executed, recorded and deposited in the Clerk's office. No opposition was made to the probate, and, so far as appears, no notice was given to these plaintiffs.

It is perfectly well settled, that such a decree is not conclusive upon the heirs not cited, and that, when set up as a muniment of title against their claim for property belonging to their inheritance, the validity of a will thus probated may be called in question by them collaterally. In *Sophie* v. *Duplessis,* 2 An. 725, it

was said that " the decree of the probate court ordering a will to be executed, does not amount to a judgment binding upon those who are not parties to it ; and that, notwithstanding such order, when the will is offered as the title in virtue of which property is claimed or withheld, its validity may be inquired into." The court, in that case, added that they were not prepared to say that the mere order of the Judge for the execution of a will has the effect of a judgment, binding *even upon those at whose instance it was made*, so far as to conclude them from subsequently contesting the validity of the will, *unless* upon the probate the question of its validity was expressly put at issue." See also *Succession of Dupuy*, 4 An. 572 ; *Succession of Duplessis*, 10 Rob. 196 ; *Rachal* v. *Rachal*, 1 Rob. 116 ; *Robert* v. *Allier*, 17 La. 14 ; *O'Donnegan* v. *Knox*, 11 La. 388 ; *Aubert* v. *Aubert*, 6 An. 104.

II. The will has a patent nullity upon its face. " I give and bequeath unto my beloved wife, *Celestine Irma Provost*, the plantation upon which I reside, and the following slaves, &c., &c. I further will, that upon the demise of my said wife, *Celestine Irma Provost*, that the property bequeathed her return to my brothers and sisters and be equally divided between them." This disposition is the origin and basis of defendant's title. It is manifestly a prohibited substitution—null even as to the legatee. C. C. 1507. And the prohibition contained in that Article being in the interest of public order, the bequest clashing with it is an absolute nullity, incurable by the prescription of five years. *Lagrange* v. *Barré*, 11 Rob. 312 ; *Vaughan* v. *Christine*, 3 An. 329. The Article 3507 of the Code is, therefore, inapplicable to this case. And the *ex parte* order of the Clerk of the District Court for the execution and registry of the will, upon which there was no contestation, does not transform what is absolutely null into a just title, which will support the prescription of five years. The defendant can not change the nature and origin of her possession. She holds only by a title void upon its face.

We express no opinion as to the applicability of the prescription of five years (C. C. 3507) to any other nullities in a will than such an absolute nullity as is involved in a prohibited substitution, because this seems to be the only point at issue in the present case.

The plaintiffs have prayed for an amendment of the judgment, so as to award to them the fruits and revenues of the property while in defendant's possession. The evidence upon this subject is too vague, and the District Judge in his decree has reserved these matters for future adjustment, upon the filing of a proper account, showing the nature of the property and its revenues. The right of the widow to the usufruct of the half of the community inherited by the plaintiffs must also be considered as reserved by the judgment.

The judgment of the District Court is, therefore, affirmed, without prejudice to the questions of revenues and community rights, the appellant paying the costs of appeal.

Merrick, C. J. I concur in the opinion of Mr. Justice Spofford as applicable to the present case. But, in order to prevent any misconception, I think it prudent to say, that when a will is once admitted to probate it creates, *prima facie*, the presumption of the correctness of such probate, and the party who attacks it, whether directly or indirectly, must defeat such presumption by some sufficient proof. And that prescription, under Article 3507 may, in a proper case, protect a party holding under a will so admitted to probate, but where a legatee claims under dispositions in a will which are absolutely null, (as in this case, by reason

of the substitution,) the prescription of five years cannot apply, because the title with which the decree invests the legatee is itself invalid.

The probate of the will *ex parte* could only give validity to such dispositions in a will as were not in violation of the prohibitions of law and the settled policy of the State. And this is what I understand my colleagues to have expressed in other words.