On the Merits. — (Plaintiff’s Appeal.)
The questions now to be considered are, whether there is error in the judgment appealed from in so far as it dissolves the sequestration, ordered ex officio by the judge, of the movable property of the succession, and rescinds the order, made by him, appointing judicial sequestrators of the property of “V. Schwan & Co., Limited.”
The first of these questions should, we think, be answered in the affirmative, the second in the negative.
It is claimed on behalf of the defendants that the succession was closed by the judgment putting them in possession. It would make no difference, for the purposes of the question; “had the district judge jurisdiction, ex officio, to order the sequestration of the property in controversy?” whether it was closed or not, for, as we have seen, orders having the same effect, have been sanctioned where there was no question of successison involved. But it is not universally true that the ex parte judgment putting heirs in possession closes the succession. It has been held by this court in the matter of the Succession of Bray, 50th Ann., 1209, and in Succession of Judah Hart, 52nd Ann., 364, that such an order does not close. the successions as against creditors; and, in view of Art. 1671, Civil Code, it would be difficult to find authority for closing a succession in that way against a particular legatee to whom a movable legacy is due and unpaid, and where provision therefor has not been made, as required by 'that article.
The judgments in the cases last above cited are based upon the conclusion that, inasmuch as the law contemplates that creditors shall be afforded an opportunity to be heard before the succession of their debtor is closed against them, an ex parte order, obtained by heirs of. such debtor, putting them in possession of his estate, does not conclude or affect them, at all events, if obtained within the three months allowed for the action for separation of patrimony.
If these conclusions be correct, upon what principle of logic or law can it b.e said that a succession- is closed instantly, upon one who claims to be the heir, entitled to the entire estate, and who charges *1195 that the person who had been put in possession, by an ex parte order, is not only not the heir, but is prohibited from, inheriting from the' decedent by a positive law, founded in public policy of the State? To sustain this proposition, we should have to be prepared to hold that if a man should die leaving his estate to an illegitimate son, to the exclusion of a legitimate son, and the former, with the will in his possession, was able to out speed his brother to the court house, the latter might reach there, breathless, a few minutes later, to find the succession of his father closed.
It is well settled that the probate of a will, in common form, and the order for its execution are only preliminary proceedings, which are not binding upon those who are not parties to them. O’Donnegan vs. Knox, 11 La. 388; Robert vs. Allier’s Agent, 17 th La., 14; Rachal vs. Rachal, 1 R., 116; Abston vs. Abston, 15th Ann., 137; and the most that can be claimed for such proceedings is that they make a prima facie case in favor of the validity of the will. Eox vs. McDonough’s Succession, 18th Ann., 44; Succession of Gaines, 38th Ann., 123. The reason that such proceedings are not binding upon those who are not parties to them is because they are npt parties to -them. And the same reason applies with equal force to the order putting in possession. To say that the judgment putting the heirs in possession closes the succession in a case where, immediately upon the heels of the judgment, there comes one who was not made a party thereto, but who claims to be the heir, and who charges that the person put in possession, as heir, is prohibited by law from claiming in that capacity; is a flagrant begging of the question. If the person in possession is not the heir, the succession is not closed, and in a case, such as this, where within much less than three months, from the date of the judgment putting in possession, the capacity, to inherit, of the beneficiaries of the judgment and of the order probating the will upon which the judgment rests, is attacked, the succession is not closed for the purposes of such attack.
This opinion, we think, is sustained by reason and authority. In Blasini vs. Succession of Blasini, 30th Ann., 1389, the widow and children, by second marriage, had been put in possession of the succession of the deceased husband and father, agreeably to the terms of his will. About two months later, plaintiffs, claiming to be the children, and forced heirs of the decedent by a previous marriage, brought suit attacking the will in so far as it deprived them of their *1196 legitime, and it was held that “a suit by forced heirs for recognition, and to annul, in whole, or in part, a testamentary disposition, is of probate jurisdiction; and it falls within the cognizance of the court in which the will has been admitted to probate and has been executed.”
In Succession of Hoover vs. York & Hoover, 30th Ann., 754, it was said: “The nullity of the proceedings- for the probate of the will, and of orders in execution of it, must be sued for in the court which rendered them * * * This position is, however, so rudimental, that citation of authority is unnecessary.”
In Harty et als. vs. Harty, 8th N. S., 520, a suit was brought in the probate court by the heirs of Simon Harty, after attaining majority, to annul a judgment of adjudication of certain property, and for the recovery of damages against their former tutrix and under tutor. There was an exception to the jurisdiction of the court, in disposing of which, Matthews, J., said: “The adjudication of which plaintiffs complain in the present suit, was clearly within the province of the court of probates, and the question now is whether its power extends to a revision of that judgment by means of an action to annul or rescind it. Although the Code of Practice makes a distinction between the nullity and the recission of judgments, and establishes rules somewhat different in respect to each; yet they are so identical in their effects, that they may be properly considered together in a legal decision. According to Art. 608, the nullity of a judgment “may be demanded'from the same,” etc. By “Art. 616, the action for rescinding a judgment must be pursued by presenting a petition to the court by which said, judgment was rendered. * * * The court below had jurisdiction of the case in its origin, as relating to a succession, ,and this jurisdiction is extended by Art. 616, aforecited, to a revision of its former judgment.”
“In State ex rel. Chandler vs. Ellis, Judge, 43 Ann., 825, it appears that a suit had been brought, in the Civil District Court, to annul a judgment which had been rendered by the judge of ‘Division A.’ The suit to annul, however, fell, by allotment, to ‘Division E,’ the presiding judge of which ordered it transferred to ‘Division A,’ where it was dismissed. This court said, upon application for certiorari, etc.:
*1197 “The division had jurisdiction over the suit to annul, so much so, that no other court could entertain it and pass upon its merits, to affect, in any way, the judgment attacked.”
It is true that there are authorities, and we are referred to a number of them, by counsel for the plaintiffs, which hold that, when heirs are put in possession, the succession is closed and the jurisdiction of the probate court divested. But the question in this case is, whether the heirs have been put in possession; the allegations of the petition being, that the defendants, who obtained the order probating the wilK of Valentine Schwan, and putting them in possession of his estate, are not his heirs. And the prayer of the petition is, that the dispositions of the will in favor of such defendants be annulled. The plaintiffs also allege that they have not been paid .the special movable legacies to which they are entitled.
As the matter stands, then, the defendants, in a proceeding to which the plaintiffs were not made parties, and of which they had no notice, were put in possession of the entire estate of the deceased, including some sixty thousand dollars worth of movable property, such as sugar, notes, bonds, etc. Shortly thereafter, the plaintiffs presented themselves, and made a showing, equally entitled to consideration, to the effect that, under the law, they are the heirs of the decedent, and are entitled to the estate, to the exclusion of the defendants. Under these circumstances, by what rule is the cpurt to determine that the one set of litigants is entitled to the possession of the property, with the power of converting, or removing it from the jurisdiction, in preference to the other? We have seen that, to determine the question upon the basis of priority of appearance in court, would be very unsafe, and in the instant case, it would be particularly unfair, because the defendants lived in the parish, whilst the plaintiffs lived in Germany, when the succession was opened.
Being of opinion, therefore, that the succession of .Valentine Schwan is still open for the purposes of this suit, and that the matter is one of probate jurisdiction, and, the circumstances of the case being such as to warrant the issuance, by the judge a quo, acting .e£ officio, of the sequestration, as ordered by him, our conclusion is that the setting aside of said sequestration was an error, and that the judgment appealed from should, in that respect, be reversed.
Upon the question of the attempted seizure of the assets of the corporation known as V. Schwan & Co.," Limited, domiciled in the *1198 parish of Orleans, we think that the sequestration was properly dissolved, since the corporation is a distinct entity and the ownership of shares of stock therein, whether few or many, did not constitute Schwan the owner of the property of the corporation.