418 So.2d 1317 (1982)
SUCCESSION OF Stella Lea WILLIAMS.
No. 81-C-3074.
Supreme Court of Louisiana.
June 21, 1982.
Rehearing Denied September 17, 1982.
*1318 Sidney E. Cook, of Cook, Yancey, King & Galloway, Shreveport, for applicant.
Kenneth Rigby, of Love, Rigby, Dehan, Love & McDaniel, Shreveport, for respondents.
MARCUS, Justice.
Stella Lea Williams died intestate on March 7, 1978, leaving two children, Milton L. Williams and Rachel Beth Williams Kleinpeter. On April 18, 1978, Mr. Williams, desiring that his inheritance vest directly in his son and daughter, renounced his interest in his mother's succession. On April 25, 1978, pursuant to a joint petition stating that Mr. Williams had renounced the succession of his mother and that his children were representing him, a judgment of possession was signed recognizing Mrs. Kleinpeter and Mr. Williams' children as the sole heirs of decedent and as such they were placed into possession of all property left by the decedent in the proportions of one-half (½) to Mrs. Kleinpeter and one-fourth (¼) each to Mr. Williams' son and daughter.
On May 8, 1978, Mrs. Kleinpeter filed a rule contradictorily with her niece and nephew to show cause why the judgment of possession signed on April 25, 1978 should not be corrected to reflect that Mrs. Kleinpeter was the sole heir of her mother by virtue of her brother's renunciation of his interest in the succession. The Williams children answered alleging that Mrs. Kleinpeter was estopped to deny her judicial confession made in the joint petition upon which the judgment of possession was based. Mr. Williams intervened alleging that his renunciation was conditioned upon the execution by his sister of the joint petition judicially confessing the interest belonging to his children.
After a hearing, the trial judge, finding that Mrs. Kleinpeter was estopped from seeking nullity of the judgment of possession, rendered judgment in favor of defendants-in-rule and intervenor and against plaintiff-in-rule rejecting her demands at her cost. The court of appeal, on original hearing, found that the judgment of possession was contrary to law and therefore null and void but that Mrs. Kleinpeter was "equitably *1319 estopped" to accept the succession until Mr. Williams had a reasonable opportunity (fifteen days from finality of the judgment) to revoke his renunciation. On rehearing, the court found that Mrs. Kleinpeter by her participation in the petition for possession, "solemnly acknowledged in a judicial proceeding" that she was the co-heir with the Williams children and accordingly was only entitled to one-half of the succession property.[1] On Mrs. Kleinpeter's application, we granted certiorari to review the correctness of that decision.[2]
The primary issue presented for our determination is whether Mrs. Kleinpeter is precluded from asserting that she is the sole heir of her mother's succession.
La. Civ. Code art. 2291 provides:
The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
It amounts to full proof against him who has made it.
It can not be divided against him.
It can not be revoked, unless it be proved to have been made through an error in fact.
It can not be revoked on a pretense of an error in law.
Where one makes a judicial declaration and judgment is rendered in accordance therewith, he cannot ordinarily revoke the declaration and attack the judgment under the pretense of having made an error of law. La. Civ. Code art. 2291. Nor does it seem to make any difference that the proceeding in which the declaration was made and the judgment rendered was a consent proceeding. Doll v. Doll, 206 La. 550, 19 So.2d 249 (1944); Succession of Williams, 168 La. 1, 121 So. 171 (1929); Succession of Carter, 149 La. 189, 88 So. 788 (1921); Succession of Rufin, 143 La. 828, 79 So. 421 (1918).
In the instant case, the judgment of possession was rendered in accordance with the declarations of the parties that Mrs. Kleinpeter and her niece and nephew should be recognized as the "sole heirs" of decedent and as such placed in possession of all property left by decedent in the proportions of one-half to Mrs. Kleinpeter and one-fourth each to her niece and nephew. Although Mr. Williams and Mrs. Kleinpeter were the sole heirs of their mother at the time of her death, Mr. Williams renounced his interest in the succession. By operation of law, his portion devolved to Mrs. Kleinpeter as his only co-heir of the same degree. La. Civ. Code art. 1022. Under art. 1024, Mrs. Kleinpeter could not refuse the portion of her brother and keep that part which had fallen to her in her own right because she was bound to accept or renounce for the whole. In the joint petition for possession, however, Mrs. Kleinpeter accepted only that part of the estate that had fallen to her in her own right, impliedly refusing the portion of her brother. That portion went to her brother's children who took by representation of their father. Under art. 886, however, only deceased persons may be represented. Hence, the judgment of possession was based on erroneous legal conclusions that Mrs. Kleinpeter could refuse her brother's portion and that Williams' children could represent him in the succession.
Nonetheless, we consider that Mrs. Kleinpeter is precluded from asserting that she is the sole heir of her mother's succession since she joined in the pleadings on which the judgment of possession was based. On April 17, 1978, the attorney for the succession mailed to Mrs. Kleinpeter the following documents:
1. A detailed descriptive list, the preamble to which stated that Mrs. Kleinpeter, her niece and nephew were the joint petitioners for possession, that the factual allegations of the joint petition were correct, and that they accepted the succession unconditionally.
2. A state inheritance tax return, showing the heirs as Mrs. Kleinpeter, her niece and nephew, with the taxes computed on the basis that Mrs. Kleinpeter was receiving ½ of the estate and the Williams children ¼ each.

*1320 3. A cash deed under the terms of which immovable property belonging to the estate was conveyed to Alan G. Pierce. Named as vendors were Mrs. Kleinpeter, the Williams children and Mr. Williams (who with his sister already owned an interest in this property by inheritance from their deceased father).
Mrs. Kleinpeter received these documents on returning from a trip on April 22, 1978. It is disputed whether she also received a copy of the joint petition and the judgment of possession. On April 24, 1978, Mrs. Kleinpeter signed the detailed descriptive list, the state inheritance tax return and the cash deed. Mrs. Kleinpeter's husband, an attorney of thirty years experience, notarized his wife's signature where required. Since the loan closing for the transaction involving the property described in the cash deed was scheduled for April 25, 1978, the Kleinpeters brought the signed documents to the office of the succession attorney on that morning. At that time, it is undisputed that the Kleinpeters received copies of all the succession pleadings including the act of renunciation executed by Mr. Williams. The Kleinpeters then went to Mr. Williams' office where Mr. Kleinpeter expressed concern over title complications that he believed would result from the manner in which the succession was being handled. These concerns were also discussed over the telephone with the succession attorney. The succession attorney explained to Mr. Kleinpeter that all of the parties were competent and free to stipulate to whatever they wanted and thus any title lawyer would approve the title on the basis of the joint petition. He also pointed out that the deed was being executed by all the parties who had or could have had any possible interest in the property. (The detailed descriptive list reflects that the property described in the cash deed was the only piece of real estate in the succession.) After this conversation, the succession attorney proceeded to file the joint petition, with the supporting documents, and to procure the signing of the judgment of possession. That afternoon, the Kleinpeters, Mr. Williams and his daughter (who had a power of attorney for her brother) met with the vendee of the succession property for the loan closing. All necessary papers were signed. At no time during this meeting did the Kleinpeters express any reservations over the manner in which the succession was handled. The attorney handling the loan closing explained to the vendors that the loan proceeds would be distributed later. However, by letter dated April 26, 1978, Mr. Kleinpeter advised the attorney that his wife would not accept any of the proceeds from the sale and the check remitted to her was later returned.
Although Mrs. Kleinpeter claims that she knew nothing of her brother's renunciation until April 25, 1978, as early as April 22, 1978, Mrs. Kleinpeter was fully aware of the manner in which the estate was to be distributed. On April 24, 1978, she signed the detailed descriptive list stating that she and her niece and nephew were the joint petitioners in the petition and that all the allegations of fact contained therein were true and correct. By signing the succession pleadings, Mrs. Kleinpeter gave the attorney for the succession her implied, if not express, consent to procure the signing of the judgment of possession. Moreover, Mrs. Kleinpeter's representations in the succession pleadings that she and her niece and nephew were the sole heirs of the decedent were instrumental in obtaining judgment on that basis and had the effect of a renunciation of all rights in conflict with the judgment obtained. Succession of Kranz, 162 La. 546,110 So. 750 (1926). In all cases in which it is not expressly or impliedly prohibited, parties can renounce what the law has established in their favor, when the renunciation does not affect the rights of others and is not contrary to the public good. La. Civ. Code art. 11. Mrs. Kleinpeter's renunciation of her right to her brother's portion did not affect the rights of others since all parties who had an interest in the succession participated in obtaining the judgment of possession. Moreover, there is nothing contrary to public order in the manner in which the estate was distributed. Since Mrs. Kleinpeter judicially declared *1321 that she was only entitled to one-half of the succession property and judgment was rendered in accordance therewith, she cannot now revoke her declarations and complain that the judgment of possession is erroneous as a matter of law. Accordingly, the judgment of the court of appeal is affirmed.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
LEMMON, J., concurs and assigns reasons.
DIXON, C.J., dissents.
DENNIS, J., dissents with reasons.
LEMMON, Justice, concurring.
Estoppel is not applicable here, because Williams, in renouncing the succession on April 18, did not change his position to his detriment in reliance on any action or inaction by his sister. Further, Mrs. Kleinpeter made no statement of fact in a judicial proceeding which would constitute a judicial confession.
However, Mrs. Kleinpeter knowingly entered into an agreement with other competent persons, whereby all parties interested in the succession agreed to the distribution of succession property in a manner different than that provided by law. She is now bound by that agreement, which was not contrary to public policy and did not affect the rights of third parties.
NOTES
[1] 405 So.2d 336 (La. App. 2d Cir. 1981).
[2] 410 So.2d 1129 (La. 1982).