509 So.2d 734 (1987)
Angela R. LAUNEY, Plaintiff-Appellant,
v.
Lorraine S. BARROUSE, Defendant-Appellee.
No. 86-587.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
*735 Stephen James Ledet, Opelousas, for plaintiff-appellant.
Donald Soileau, Mamou, for defendant-appellee.
Before DOMENGEAUX, DOUCET and KNOLL, JJ.
DOMENGEAUX, Judge.
In this suit for declaratory judgment, the plaintiff, Angela R. Launey, seeks to have certain provisions in a will declared null.
*736 Mrs. Launey is the testator's sister and the universal legatee under the will. The defendant, Lorraine S. Barrouse, is a legatee under the will and the former wife of the testator's deceased nephew. Both Mrs. Launey and Mrs. Barrouse have appealed the judgment of the district court.
The decedent, Levy Richard, died on August 8, 1978, having left a nuncupative will by public act, dated April 29, 1974. The testament contained the following pertinent dispositive provisions:
"2. I leave and bequeath unto Angela R. Launey and Lorraine S. Barrouse, share and share alike, the use of my home, together with all furniture anf [sic] fixtures located therein, which home is located on Sixth Street in Mamou, Louisiana, for the remainder of their natural life; and to the survivor of these two, Angela R. Launey or Lorraine S. Barrouse, I leave the house and lots, together with the furniture and fixtures located therein, and other improvements located thereon, with full title to the aforesaid property.
3. I leave my store building and lots located on Sixth Street in Mamou, Louisiana, unto Angela R. Launey and Lorraine S. Barrouse for their use for the remainder of their natural life, provided that so long as Lorraine S. Barrouse lives, she shall be entitled to use the store building as a store and/or other businesses, upon payment of a rent of $12.50 per month to Angela R. Launey, and to the survivor of these two, Angela R. Launey or Lorraine S. Barrouse, I leave the said store building and lots.
. . . . .
5. The remainder of my cash, savings account and savings bonds and any other property not hereinabove donated, I leave to Angela R. Launey, in full ownership."
On September 5, 1978, the district court rendered a judgment of possession placing Mrs. Launey and Mrs. Barrouse in possession of the estate as provided for under the will. On May 6, 1985, Mrs. Launey brought this suit seeking to have the provisions in sections 2 and 3 of the will declared to be prohibited substitutions and therefore absolutely null, the result being that the legacies therein would lapse and fall to her as the residuary legatee. Mrs. Barrouse filed peremptory exceptions of prescription and res judicata arguing that Mrs. Launey's right to attack the will was barred by the prescription of five years and that the judgment of possession formed the basis of her plea of res judicata. Additionally, she argued that since Mrs. Launey joined in the petition for the judgment of possession she cannot now attack that which she has previously judicially confessed to be true. The district judge referred a decision on the defendant's exceptions to the merits of the case.
After a trial on the merits, the district court rendered a judgment declaring that through dispositions 2 and 3 of the will the testator gave to Mrs. Launey and Mrs. Barrouse each ownership of an undivided one-half interest in the described property. Given this interpretation of the dispositive provisions, the district court concluded that they constituted prohibited substition in that the testament purports to then give full ownership of the described property to the survivor of the two. Having concluded that these provisions contain prohibited substitutions, he declared them to be absolutely null, insofar as the provisions purport to give full ownership of the described property to the survivor of Mrs. Launey and Mrs. Barrouse.
With respect to the defendant's peremptory exceptions of prescription, res judicata and estoppel, the district court denied these exceptions on the ground that prescription, res judicata, and estoppel cannot bar an attack on a will that is absolutely null.
On appeal, both Mrs. Launey and Mrs. Barrouse have argued that the trial court erred.
Mrs. Barrouse assigns as error the trial court's failure to sustain her peremptory exceptions of prescription and res judicata, thus failing to affirm the September 5, 1978 judgment of possession. In the alternative she argues that the district court's declaratory judgment should be affirmed.
*737 Mrs. Launey assigns as error the district court's failure to find that she is the owner of the disputed property as the residuary legatee under the will, but instead found that she and Mrs. Barrouse each own an undivided one-half interest in the property.
Mrs. Launey's right to bring this suit for declaratory judgment is established by La. C.C.P. art. 1872, which provides the following:
"A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."
In order to determine the merits of Mrs. Launey's assignment of error, we must first interpret the language of the testament to determine the way in which the testator intended his property be disposed of. We first note that La.C.C. Article 1712 provides that in interpreting testaments, "The intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament." Also, under La.C.C. Article 1713 "[a] disposition must be understood in the sense in which it can have effect, rather than that in which it can have none."
The two provisions of the will which we must examine are the dispositions that are numbered 2 and 3. Disposition 2 begins "I leave and bequeath unto Angela R. Launey and Lorraine S. Barrouse, share and share alike, the use of my home, together with all the furniture anf [sic] fixtures located therein, which home is located on Sixth Street in Mamou, Louisiana, for the remainder of their natural life." There is no difficulty in interpreting this provision. In bequeathing the use of his home and its contents to Mrs. Launey and Mrs. Barrouse for the remainder of their lives, it is clear that the testator intended to leave them the usufruct of this property.
Disposition 2 then provides "and to the survivor of these two, Angela R. Launey or Lorraine S. Barrouse, I leave the house and lots, together with the furniture and fixtures located therein, and other improvements located thereon, with full title to the aforesaid property." The terms of this disposition indicate that the testator intended to make a conditional bequest of the full ownership of the described property to either Mrs. Launey or Mrs. Barrouse, but not to both. Under this provision the bequest is conditional because the disposition of the property depends on the happening of an uncertain event, namely that one of the parties survive the other. It is also apparent that, since by the terms of the disposition the testator bequeathed the property to only one of the parties, i.e., the survivor, there is no immediate vesting of ownership in either of the parties upon the death of the testator. The testator, thus, intended that ownership vest only upon the happening of the condition. Therefore, this bequest is one subject to a suspensive condition.
We also conclude that the testator intended a similar result with respect to his disposition of the property described in disposition 3. That provision begins "I leave my store building and lots located on Sixth Street in Mamou, Louisiana, unto Angela R. Launey and Lorraine S. Barrouse for their use for the remainder of their natural life, provided that so long as Lorraine S. Barrouse lives, she shall be entitled to use the store building as a store and/or other businesses, upon payment of a rent of $12.50 per month to Angela R. Launey...". Again, we have no difficulty in interpreting this provision. In bequeathing the use of the described property to Mrs. Launey and Mrs. Barrouse, subject to Mrs. Barrouse's right to use the store building as a store or other business upon payment of $12.50 per month to Mrs. Launey, it is clear that the testator intended to leave the usufruct of this property to them.
The remaining part of disposition 3 then states "and to the survivor of these two, Angela R. Launey or Lorraine S. Barrouse, I leave the said store building and lots."
*738 The terms of this disposition also indicate that the testator intended to make a conditional bequest of the full ownership of the described property to either Mrs. Barrouse or Mrs. Launey, but not to both. Again, the bequest is conditional because disposition of the property depends upon the happening of an uncertain event, namely that one of the parties survive the other. Since it is apparent that the testator intended that the disposition not take place until the condition is fulfilled, the bequest is one subject to a suspensive condition.
Therefore, we conclude that the testator, through dispositions 2 and 3, intended to bequeath the usufruct of the property described therein to Mrs. Launey and Mrs. Barrouse, that he further intended to bequeath the full ownership of the described property to the survivor of the two parties, and that the survivorship of one of the two parties is a suspensive condition which the legacies are subject to.
Given this interpretation of the testator's dispositions, we must now determine whether the bequests are valid under our law.
Mrs. Launey argues that these dispositions constitute prohibited substitutions and are, therefore, invalid under La.C.C. Article 1520. Alternatively, she argues that the dispositions are subject to illegal or impossible conditions which should be reputed not written under La.C.C. Article 1519. In either case, she argues, the dispositions lapse and the property should fall to her as residuary legatee, subject to Mrs. Barrouse's testamentary usufruct.
We must first address, then, whether the dispositions at issue here constitute substitutions prohibited under La.C.C. Article 1520.
La.C.C. Article 1520 provides:
"Substitutions are and remain prohibited, except as permitted by the laws relating to trusts.
Every disposition not in trust by which the donee, the heir, or legatee is charged to preserve for and to return a thing to a third person is null, even with regard to the donee, the instituted heir or the legatee."
In Baten v. Taylor, 386 So.2d 333 (La. 1979), the Supreme Court held that a double conditional legacy is not a prohibited substitution and that a universal legacy subject to a suspensive condition is not in conflict with our rules of seizin. The testator in Baten had left his estate to his wife subject to the condition that she survive him for thirty days. In the event that she did not survive the testator by thirty days, the estate then went to the testator's nephews. The court characterized this as a double conditional legacy because the wife's legacy was subject to a condition and the bequest to the nephews was conditioned upon the lapse of a legacy to the wife. The court also concluded that the condition attached to the wife's bequest was suspensive, not resolutory.
In deciding that a double conditional legacy is not a substitution prohibited by La. C.C. Article 1520, the court identified the essential elements of a prohibited substitution, as interpreted by the Louisiana Law Institute in its report to the legislature accompanying the Trust Code. The constituent characteristics of the prohibited substitution were stated at page 336 as follows:
"(1) A double liberality, or a double disposition in full ownership, of the same thing to persons called to receive it, one after the other;
(2) Charge to preserve and transmit, imposed on the first beneficiary for the benefit of the second beneficiary;
(3) Establishment of a successive order that causes the substituted property to leave the inheritance of the burdened beneficiary and enter into the patrimony of the substituted beneficiary."
The Supreme Court concluded that the double conditional legacy in Baten contained none of the characteristics of a prohibited substitution as defined by Article 1520. In reaching that conclusion, the court first noted that since the wife's legacy was subject to a suspensive condition, she could not receive the succession in full ownership until she survived the testator for thirty days. The nephews, on the other *739 hand, could only receive the property in default of the widow's legacy, not after her. Therefore, there was no double disposition of full ownership of the property and no successive order was established whereby the property could leave the inheritance of one beneficiary and enter into the patrimony of the substitute beneficiary.
The court also concluded that there was no charge to preserve and transmit the property imposed on one beneficiary for the benefit of the second beneficiary. In addressing this question the court made the following observations:
"It is not necessary for the creation of a substitution that the disposer make use of the identical terms found in Article 1520. It suffices that the charge to preserve and to deliver necessarily result from the tenor of the disposition, or, what amounts to the same thing, that it is impossible to execute the disposition without preserving and making restitution of the property given or bequeathed.... The disposition at issue in the present case, however, by its wording, purpose and tenor, does not imply a charge to preserve. If the suspensive period had been longer, it could be argued that the legacy would be impossible to execute without a charge to preserve. The brief thirty-day suspensive period, however, allows execution of the disposition without this effect." (Citations omitted).
It is apparent that the length of the suspensive period is an important element to consider in determing whether a charge to preserve has been imposed.
The conditional legacies in the case before this Court are similar to the conditional legacy made in the Baten case. After comparison of the dispositions made here with the essential elements of a prohibited substitution as listed in Baten, we conclude that these dispositions are not substitutions prohibited by Article 1520.
First, there is no double disposition of the same property in full ownership to persons called to receive it one after another. By the terms of the dispositions only the survivor of Mrs. Launey and Mrs. Barrouse is called to receive the property in full ownership. Pending the happening of the condition neither party has a vested interest in the property, other than the usufruct bequeathed to both of them. Since only one of the parties receives full ownership of the property, which only occurs when the condition is fulfilled, there is no double disposition of the property.
For the same reason, the dispositions here do not establish a successive order whereby the property can leave the inheritance of one beneficiary and enter into the patrimony of a substituted beneficiary. Under the terms of the dispositions, the survivor of the two parties receives the property directly from the testator when the condition of her survivorship is fulfilled. Since as the survivor, the legatee is the first and only beneficiary of the bequest under the will, no successive order is established whereby the property can leave the legatee's inheritance and enter into the patrimony of a substituted beneficiary.
A more difficult issue concerns whether the dispositions contain charges to preserve. In Baten the court stated that if "the suspensive period had been longer, it could be argued that the legacy would be impossible to execute without a charge to preserve." Here the suspensive period is indefinite and has already exceeded the thirty-day period allowed in Baten and now provided for by the legislature in La.C.C. Article 1521. In fact, from the date of the testator's death on August 8, 1978, until this suit was filed on May 6, 1985, almost seven years passed without the testamentary condition occurring. Certainly this suspensive period is of such length that the legacy would be impossible to execute without a charge to preserve. However, to be a charge to preserve as contemplated by Article 1520, the charge must be imposed upon the first legatee receiving full ownership for the benefit of the second legatee, who is a substituted beneficiary. In this case, any charge to preserve resulting from the length of the suspensive period will be born by the person seized of the property, not by the legatee. Since the legatee receives the bequeathed property only upon *740 the happening of the suspensive condition, there is no charge to preserve the property imposed upon the legatee for the benefit of a substituted beneficiary.
For these reasons, then, we conclude that the dispositions in the present case do not constitute substitutions prohibited by Article 1520.
While a testamentary disposition subject to a suspensive condition may not constitute a substitution prohibited by Article 1520, as in this case, the disposition may be subject to a condition which is considered impossible under La.C.C. Article 1519. In that event, the disposition stands, however the condition is reputed as not written.
La.C.C. Article 1519 provides:
"In all dispositions inter vivos and mortis causa impossible conditions, those which are contrary to the laws or to morals, are reputed not written."
A suspensive condition attached to a particular legacy is not necessarily prohibited under our law. In fact, La.C.C. Article 1698 contemplates such a condition in providing that a testamentary disposition is without effect when the legatee dies before the happening of the condition.[1] Nonetheless, a condition may be suspensive and still be invalid as being impossible under Article 1519.
To determine whether the conditions present here are impossible we must determine the nature of the parties' interest during the suspensive period. This was considered in Baten v. Taylor, supra, in the court's analysis of the effect of the Civil Code's concept of seizin on a universal legatee subject to a suspensive condition.
In Baten, after concluding that the double conditional legacy in that case was not a prohibited substitution, the court went on to examine the effect of the Civil Code's concept of seizin on the disposition before it. The court noted that immediately after the death of the testator, one of three classes of heirs is seized of the succession under the Civil Code scheme, stating:
"Seizin is giving first to the forced heirs of the deceased. In default of a forced heir, it is given to the universal legatee. Finally, in the absence of a member of the first two classes, the legitimate heirs are seized of the deceased's property. La.Civil Code arts. 887, 915, 940, 1607, 1609, and 1613."
The court, having distinguished seizin from ownership, then made the following conclusions, at page 340:
"Accordingly, we conclude that there is no conflict between a suspensively conditional universal legacy and the civil code's seizin provisions. In the present case, the universal legatee having been installed under a suspensive condition, the legitimate heirs acquired seizin at the moment of death under the civil code scheme and remained provisionally seized until the legacy's suspensive condition was fulfilled. Furthermore, the succession representative is given full seizin of the deceased's property, as a practical matter, by Article 3211 of the Code of Civil Procedure. The survivorship clause in the present will, therefore, does not suspend seizin of the succession, but is a valid disposition of ownership subject to suspensive conditions."
These principles are applicable to this case. Therefore, immediately upon the death of the testator, the universal legatee acquires seizin, since the testator did not leave any forced heirs. The universal legatee remains provisionally seized of the property, subject to the succession representative's rights and duties under the Code of Civil Procedure, until the legacy's suspensive condition is fulfilled, while the legatee's ownership rights under the will are suspended during this period.
In Baten the suspensive period was a relatively short thirty days. As stated, the suspensive period in this case has already exceeded six years. Such a long *741 suspensive period necessarily imposes upon the seized heir an obligation to preserve and deliver the property to the legatee upon the happening of the condition. This is because the heir seized of the property does not own it, but merely acquires possession of the property upon the death of the testator, enabling him to bring all the actions which the deceased could have brought. Baten, supra, at page 340. Not having title to the property, the seized heir is significantly restricted in his ability to alienate or encumber the property. The seized heir is also discouraged from improving the property during his tenure. The result is that the property is effectively removed from commerce during the suspensive period, and the seized heir is bound to preserve the property for an indefinite period of time and then to deliver it to the legatee. The resulting disincentives to improving the property and the effective removal of the property from commerce are against public policy since the maximum utilization of property is deemed to be in the public's best interest. Since the suspensive conditions result in a scheme which is against public policy, the conditions are deemed impossible under Article 1519, and are, therefore, reputed not written.
Support for this conclusion is found in the Baten case as well as in the legislature's codification of the Baten suvivorship clause in Article 1521. In Baten, the court emphasized the short duration of the suspensive period, noting that due to its brevity the suspensive period did not impose a charge to preserve. We note that such a short and definite suspensive period will have little, if any, effect on the ability to alienate the immovable property.
We also note that in upholding the thirty-day suvivorship clause in Baten, the court did not resolve the question of what maximum suspensive period a testator may stipulate for the survival of his legatee. The legislature, however, has provided an answer to this question in La.C.C. Article 1521 wherein it provides that the suspensive period a beneficiary may be required to survive the testator "shall not exceed thirty days after the testator's death." Therefore, there is express legislative disapproval of suspensive periods exceeding thirty days, at least in the case of survivorship clauses.
We conclude, therefore, that since the testamentary dispositions of ownership of the property in this case are subject to suspensive conditions which have resulted in excessively long suspensive periods, the conditions are impossible under Article 1519. This being the case, the conditions are reputed as not written.
In an ordinary case, a disposition subject to an impossible condition is given effect without the condition and the legatee takes the property free from it. In this case, however, since the legatee cannot be identified until the suspensive conditions are fulfilled, the dispositions of ownership lapse as a result of the conditions being reputed not written. The dispositions having lapsed, the property falls to the residuary legatee, who in this case is Mrs. Launey.
Mrs. Barrouse has assigned as error the trial court's failure to sustain her peremptory exceptions of prescription and res judicata. She also argued that since Mrs. Launey voluntarily joined in the petiton for possession which resulted in the September 5, 1978 judgment of possession, she is barred from asserting in this proceeding a position contrary to the declarations she made in the petiton for possession.
Mrs. Barrouse's plea of prescription is based on La.C.C. Article 3542[2] which provided that the action for the nullity of a testament is prescribed by five years. However, where provisions under attack constitute illegal or impossible conditions contary to public policy, the nullities are absolute and the prescription of five years is not applicable. Provost's Heirs v. Provost, 13 La.Ann. 574 (1858); also Barnes v. Barnes, 155 La. 981, 99 So. 719 (La.1924). In this case, the conditions under attack, being against public policy, are absolute *742 nullities. Therefore, the prescription of five years is no bar to these proceedings and the trial court correctly refused to grant the exception.
We also conclude that the trial court correctly refused to sustain Mrs. Barrouse's peremptory exception of res judicata.
La.C.C.P. Article 3062 provides:
"The judgment of possession rendered in a succession proceeding shall be prima facie evidence of the relationship to the deceased of the parties recognized therein, as heir, legatee, surviving spouse in community, or usufructuary, as the case may be, and of their right to the possession of the estate of the deceased."
Our jurisprudence has held that a judgment of possession, such as that rendered in this case, is merely prima facie evidence of the relations of the parties to the testator and of their right to possession of the deceased's estate, and is not a definitive judgment upon which a plea of res judicata may rest. Janney v. Calmes, 212 La. 756, 33 So.2d 510 (1947). Accordingly, Mrs. Launey is not barred from bringing this suit on the ground that it is res judicata.
Finally, Mrs. Barrouse cites the case of Succession of Williams, 418 So.2d 1317 (La.1982) for the proposition that Mrs. Launey is barred from asserting a position in this proceeding that is contrary to the declarations she made in the petition for possession which led to the September 5, 1978 judgement of possession. In Succession of Williams an intestate decedent's daughter jointly petitioned the court to be placed in possession of her mother's estate along with her niece and nephew, declaring that her brother renounced his mother's succession and that his children were representing him. The court signed a judgment of possession recognizing the daughter and the brother's children as the sole heirs of the decedent, and placed them in possession of the estate. The daughter subsequently sought to have the judgment corrected to reflect that she is the sole heir of her mother as a result of her brother's renunciation of his interest in the succession. The court held that the daughter was precluded from asserting that she is the sole heir of her mother's succession since she joined in the pleadings on which the judgment of possession was based, finding that she had judicially declared that she was to inherit with her niece and nephew. The court also stated the following:
"In all cases in which it is not expressly or impliedly prohibited, parties can renounce what the law has established in their favor, when the renunciation does not affect the rights of others and is not contrary to the public good. La.Civ.Code art. 11. Mrs. Kleinpeter's renunciation of her right to her brother's portion did not affect the rights of others since all parties who had an interest in the succession participated in obtaining the judgment of possession. Moreover, there is nothing contrary to public order in the manner in which the estate was distributed. Since Mrs. Kleinpeter judicially declared that she was only entitled to one-half of the succession property and judgment was rendered in accordance therewith, she cannot now revoke her declarations and complain that the judgment of possession is erroneous as a matter of law. Accordingly, the judgment of the court of appeal is affirmed." (Emphasis added).
In this case, we have concluded that a division of the testator's estate in the manner provided for under the will is contrary to public policy, whereas in Williams, there was no such finding. Therefore we conclude that the Williams case is of no help to Mrs. Barrouse, and Mrs. Launey is not prevented from bringing this suit based on its rationale.
Therefore, for the reasons stated above, the judgment of the district court is recast as follows:

DECLARATORY JUDGMENT
It is Ordered, Adjudged, and Decreed that the provisions in dispositions 2 and 3 of the Last Will and Testament of Levy Richard, dated August 29, 1974, purporting to give the full ownership of certain property described therein to the survivor of Angela R. Launey and Lorraine S. Barrouse constitute impossible conditions and are reputed as not written.
*743 It is further Ordered, Adjudged, and Decreed, as provided for in the testament that Lorraine S. Barrouse and Angela R. Launey acquired the usufruct of the following described property:
1. A certain tract or parcel of land located on Sixth Street in Mamou, being the family home of Levy Richard, more particularly described as lots 7-8 and 9 of Block 47 of the Town of Mamou, together with all improvements thereon, and the furniture and fixtures therein,
2. A certain tract or parcel of land located on Sixth Street in Mamou, being and housing the Richard and Barousse Store more particularly described as Lots 1 and 2 of Block 5 of the Town of Mamou, together with the buildings located thereon,
subject to Lorraine S. Barousse's right to use the store building as a store or other business upon payment of $12.50 per month to Angela R. Launey.
It is further Ordered, Adjudged and Decreed that Angela R. Launey acquired the naked ownership of the above described property as the residuary legatee under the will, subject to the rights of usufruct described above.
Costs of this appeal are assessed against the defendant.
REVERSED AND RENDERED.
NOTES
[1] La.C.C. art. 1698 provides:

"Every testamentary disposition made on a condition depending on an uncertain event, so that in the intention of the testator the disposition shall take place only inasmuch as the event shall or shall not happen, is without effect, if the instituted heir or the legatee dies before the accomplishment of the condition."
[2] The five year prescriptive period provided for in La.C.C. art. 3542 (1870) is now provided for in La.C.C. art. 3497 after the 1983 revisions to the Civil Code.