# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-740


## SUCCESSION OF FRANCIS ALVIN STALTER, JR.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 40,384, DIVISION B
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and David Kent Savoie, Judges.


**REVERSED AND REMANDED**.


**J. Graves Theus, Jr.**
**Theus Law Offices**
**2030 Jackson Street – Suite B**
**Alexandria, LA 71301**
**Telephone: (318) 769-9395**
**COUNSEL FOR:**
   **Appellant - Lanetta Danielle Stalter Littleton**

**Michael J. Hoover**
**Lineage Law, LLC**
**4615 Parliament Drive - Suite #202**
**Alexandria, LA 71303**
**Telephone: (318) 767-2226**
**COUNSEL FOR:**
   **Appellee - Sheila Brooks Stalter**

**THIBODEAUX, Chief Judge.**

In this dispute following the succession of Francis Alvin Stalter, Jr., Plaintiff Lanetta Danielle Littleton appeals the trial court's grant of Defendant Sheila Brooks Stalter's peremptory exceptions of no cause of action, no right of action, and judicial confession. Following the probate of the decedent's will, and after the judgment of possession was rendered, Littleton discovered that she was not placed in possession of the decedent's home and filed a Petition to Reopen Succession. She then filed a Second Supplemental and Amending Petition alleging that the testator grossly deviated from the required formalities in the execution of the will, contending that the will was an absolute nullity.

Stalter maintains that Littleton is precluded from challenging the judgment of possession. The trial court initially issued a ruling to reopen the succession and denied Stalter's peremptory exception of no cause of action. Stalter then applied for, and was denied, supervisory writs. Following reassignment of the case, Stalter once again filed peremptory exceptions, which were granted. Because we conclude that Littleton is not precluded from attacking the underlying testament despite her participation and acquiescence in the succession proceeding, we reverse.

## I.

## ISSUE

We shall consider whether an heir and legatee is precluded from seeking to annul a probated testament as a result of her participation in a succession proceeding and after a judgment of possession has been rendered.

## II.

## FACTS AND PROCEDURAL HISTORY

This appeal arises out of the succession of Francis Alvin Stalter, Jr. (Decedent), the father of Appellant, Lanetta Danielle Stalter Littleton, and husband of Appellee, Sheila Brooks Stalter. On January 3, 2002, Decedent executed a Last Will and Testament. Following the decedent's death on April 12, 2012, Stalter and Littleton filed a joint petition to open the decedent's succession and probate the testament. With the understanding that she would inherit naked ownership interest in her father's home, Littleton signed a Receipt for Legacy, acknowledging full receipt of her share of the estate and discharging the executrix from any further obligations.

Upon realizing that the judgment of possession failed to place her in possession of the decedent's home, Littleton filed a Petition to Reopen Succession. Soon thereafter, Littleton was additionally made aware that the testament in question was improperly witnessed, and filed a Second Supplemental and Amending Petition, asserting that because the testator neglected the required formalities, the will was an absolute nullity. In response, Stalter filed a peremptory exception of no cause of action, asserting that because Littleton participated in and consented to the judgment of possession, she was barred from attacking it or the underlying testament.

The trial court initially denied Stalter's exception and allowed the reopening of the succession, finding that seeking to annul the will on grounds of nonobservance of the required formalities was sufficient. Stalter thereafter applied to this court for supervisory writs, which were denied. The case was later re-assigned from Judge John C. Davidson to Judge Thomas Yeager, and Stalter again

2

filed peremptory exceptions of no cause of action, no right of action, and judicial confession. The exceptions were granted. Littleton's motion for a new trial was denied. Thereafter, Littleton appealed.

## III.

## STANDARD OF REVIEW

This appeal calls for the consideration of an error of law. Errors and questions of law are to be reviewed by the appellate court under the de novo standard of review. *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36. "In reviewing a district court's ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition." *Badeaux v. S.W. Computer Bureau, Inc.*, 05-612, 05-719, p. 7 (La. 3/17/06), 929 So.2d 1211, 1217.

## IV.

## LAW AND DISCUSSION

### No Cause of Action

An exception of no cause of action questions whether the law provides a remedy to any particular plaintiff, as the allegations are asserted in the petition, or, rather, the legal sufficiency of the petition is based solely on the facts alleged in the petition. *Margone, L.L.C. v. Addison Resources, Inc.*, 04-70 (La.App. 3 Cir. 12/15/04), 896 So.2d 113, *writ denied*, 05-139 (La. 3/24/05), 896 So.2d 1039; *Adams v. Owens-Corning Fiberglas Corp.*, 04-1296 (La.App. 1 Cir. 9/23/05), 921 So.2d 972, *writ denied*, 05-2501 (La. 4/17/06), 926 So.2d 514. Courts must, therefore, accept as true all well-pleaded factual allegations. *Castle v.*

*Castle*, 13-271 (La.App. 3 Cir. 10/9/13), 123 So.3d 1267. Ultimately, a peremptory exception of no cause of action should be sustained only when the law provides no remedy for the allegations asserted by the petitioner. *Badeaux*, 929 So.2d 1211.

Here, Littleton's Second Supplemental Petition alleges that no witnesses were present when the will was executed. The affidavit of the notary further confirms this alleged fact. Despite the trial court's determination that Littleton could not proceed to have the testament annulled due to her participation in the succession, if these facts are to be accepted as true, the will is an absolute nullity under La.Civ.Code art. 1573,[1] and consequently, Littleton would have a valid cause of action. Moreover, we observe that Littleton brought her action to annul the testament within the applicable five-year prescriptive period as is set out in La.Civ.Code art. 3497. Had Littleton filed beyond the five-year prescriptive period, whether the testament was declared relatively null or absolutely null, the petition would have been untimely, and Littleton would have had no valid cause of action.

Relying on La.Code Civ.P. arts. 2001, 2002, and 2003, Stalter makes the misguided assertion that a final judgment (the judgment of possession) may only be annulled or modified through a nullity action. Louisiana Code of Civil Procedure Article 2002(A) states that "[a] final *judgment* shall be annulled if it is rendered . . . ." (Emphasis added). Additionally, La.Code Civ.P. art. 2003 provides that "[a] defendant who voluntarily acquiesced in the *judgment* . . . may

---

[1]Louisiana Civil Code Article 1573 provides that the formalities prescribed for the execution of a testament must be observed or the testament is absolutely null. Louisiana Civil Code Article 1577 states that a notarial testament shall be prepared in the presence of a notary and two competent witnesses.

4

not annul the *judgment . . . .*" (Emphasis added). However, these articles are inapplicable, as Stalter is not attacking a final judgment; she is attacking a testament. Louisiana Code of Civil Procedure Article 2931 allows the annulment of a probated testament by a direct action brought in a succession proceeding against the legatees, the residuary heir, or the executor, and does not require that it be filed through a completely separate and independent nullity action, i.e., a separate lawsuit.

In *Launey v. Barrouse*, 509 So.2d 734 (La.App. 3 Cir. 1987), a litigant sought to have a provision in a will declared null after a judgment of possession had been rendered. It asserted that a suspensive condition in a will was against public policy. Although *Launey* was a suit for declaratory judgment, and the present case involves a suit to reopen succession, La.Code Civ.P. art. 865 provides that petitions should be construed as to do substantial justice. Considering La.Code Civ.P. art. 891, which delineates what a valid petition entails, it is clear that Littleton filed a valid petition. Here, failing to comply with the formalities of a testament, as articulated in La.Civ.Code art 1573, would sufficiently render the testament absolutely null. As in *Launey*, the testament itself would be contrary to positive law, and, therefore, against public policy.

Although Stalter places much emphasis on the application of both *Succession of Williams*, 418 So.2d 1317 (La.1982) and *Succession of Villarrubia*, 95-2610 (La. 9/5/96), 680 So.2d 1147, we find that these cases are not applicable, and, thus, would not preclude Littleton from receiving the relief sought. *Succession of Williams*, unlike the present case, involved an intestate proceeding followed by a judgment of possession. Because there was no will, the plaintiff directly attacked the judgment of possession, despite having "joined in the

5

pleadings on which the judgment of possession was based." *Id.* at 1319. "Where one makes a judicial declaration and judgment is rendered in accordance therewith, he cannot ordinarily revoke the declaration and attack the judgment under the pretense of having made an error of law." *Id.*

While Stalter correctly asserts that Littleton joined in the pleadings and, thus, acquiesced to the judgment of possession, it is made abundantly clear in Littleton's Second Supplemental Petition that she is attacking the validity of the testament and not the judgment of possession. The Second Supplemental Petition states that "[b]ecause the testament of Francis Stalter, Jr., was not executed in the presence of two witnesses, the formalities prescribed by law were not observed, and as a result, the testament is absolutely null." Further, and as is stated in *Succession of Duskin*, 14-236, p. 12 (La.App. 4 Cir. 11/19/14), 153 So.3d 567, 576, "an order cannot give legal effect to a testament that is absolutely null."

Moreover, *Succession of Williams* focused on an error of law. For that reason, the court determined that the judicial confession could not be revoked. Louisiana Civil Code Article 1853 provides that "[a] judicial confession is indivisible and it may be revoked only on the ground of error of fact." As in *Succession of Flowers*, 532 So.2d 470 (La.App. 1 Cir. 1988), *writ denied*, 534 So.2d 446 (La.1988), Littleton is asserting an error of fact, rather than an error of law, as she was unaware that the will was improperly witnessed when she joined in the judgment of possession.

*Succession of Villarrubia* addressed La.Code Civ.P. art. 3393, and outlined under what circumstances a succession may be reopened. The supreme court considered the proper cause for reopening a succession, and maintained that "if the law allowed judgments of possession to be overturned because of error of

law or change in law, the sanctity of such judgments would be seriously impaired." *Villarrubia*, 680 So.2d 1147 at 1152. Here, Littleton is not attacking a judgment of possession. It is, thus, apparent that the underlying rationale in *Succession of Villarrubia* does not apply. However, should the will itself be proven to be a nullity, the judgment of possession will ultimately collapse, despite Ms. Littleton's purported acquiescence in its probate.

### Right of Action & Judicial Confession

In addition to finding that Littleton has a valid cause of action, we further find that Littleton has a right of action in this matter. The inquiry into whether a right of action exists requires determining whether the plaintiff is the appropriate party to bring suit. *Guidry v. E. Coast Hockey League, Inc.*, 02-1254 (La.App. 3 Cir. 3/5/03), 844 So.2d 100, *writs denied*, 03-1457, 03-1469, 03-1471 (La. 11/21/03), 860 So.2d 543. As an heir and legatee, Littleton undoubtedly has an interest in the succession of her father's estate. Finally, Stalter's peremptory exception of judicial confession is invalid for the same rationale underlying the reversal of the judgment on the exception of no cause of action.

### V.

### CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed, the exceptions of no cause of action, no right of action, and judicial confession are reversed, and the matter is remanded for further proceedings. Costs of the appeal are taxed against Defendant-Appellee, Sheila Brooks Stalter.

**REVERSED AND REMANDED**.