**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**22-667**

SUCCESSION OF

**MALCOM LAMAR MURRAY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 98,819 A
HONORABLE TONY A. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**VAN H. KYZAR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Van H. Kyzar, and Guy E. Bradberry, Judges.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT;**
**WRIT GRANTED AND MADE PEREMPTORY;**
**JUDGMENT REVERSED.**

**John-Michael Lomzenski**
**Sigler, Arabie & Cannon**
**630 Kirby Street**
**Lake Charles, LA 70601**
**(337) 439-2033**
**COUNSEL FOR APPELLANT:**
**Malcom I. Murray**

**Alvin Charles Dowden, Jr.**
**Elizabeth A. Spurgeon**
**116 E. Lula Street**
**Leesville, LA 71446**
**(337) 238-2800**
**COUNSEL FOR APPELLEE:**
**Linda Murray**

**Tony Clell Tillman**
**501 South 4th Street**
**Leesville, LA 71446**
**(318) 239-7983**
**COUNSEL FOR INTERVENORS/APPELLEES:**
**Lee Birmingham**
**Ranelle Birmingham**

**KYZAR, Judge.**

Malcom Irvin Murray, son of the deceased Malcom Lamar Murray, appeals a judgment denying his exceptions of no right of action and no cause of action as to the petition of his mother, Linda Darlene Chance Murray, to reopen the succession of Malcom Lamar Murray. He further appeals the trial court's order reopening the succession. Before considering the merits in any appeal, this court has the duty to determine sua sponte whether subject matter jurisdiction exists, even when the parties do not raise the issue. *Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc.*, 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909. This court cannot determine the merits of an appeal unless our appellate court jurisdiction is properly invoked by a valid final judgment. *Id.*

Only final judgments and interlocutory judgments expressly provided by law are appealable. See La.Code Civ.P. art. 2083. A judgment that determines the merits in whole or in part is a final judgment. La.Code Civ.P. art. 1841. The part of the judgment at issue in this case, which denies the exceptions of no cause of action or no right of action as to the petition to reopen the succession, is an interlocutory judgment, and is not appealable. *Hall v. James*, 43,263 (La.App. 2 Cir. 6/4/08), 986 So.2d 817. "The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense." *Jones v. Americas Ins. Co.*, 16-904, p. 4 (La.App. 1 Cir. 8/16/17), 226 So.3d 537, 540-41. Further, this same judgment orders the succession to be reopened. A judgment reopening a succession does not decide the merits of the claim and is an interlocutory judgment. *Succession of Coleman*, 376 So.2d 1045 (La.App. 1 Cir. 10/8/1979).

> When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the

litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.

*Herlitz Constr. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878, 878 (La.1981).

Accordingly, pursuant to this court's supervisory authority as enunciated in La.Const. Art. 5, § 10, we convert the appeal here to an application for supervisory writs. See *In re Scott*, 15-199 (La.App. 3 Cir. 10/7/15), 175 So.3d 1058; *City of Alexandria v. Dixon*, 17-327 (La.App. 3 Cir. 9/20/17), 228 S9.3d 1284, *writ denied*, 17-1756 (La. 12/5/17), 231 So.3d 627.[1] Based on the following, we grant the writ application and reverse the judgment of the trial court which ordered the succession of Malcom Lamar Murray to be reopened.

## FACTS AND PROCEDURAL HISTORY

On May 1, 2020, Linda Darlene Chance Murray (Linda) filed a petition to probate a July 6, 1993 will (1993 Will) of her then-divorced husband Malcom Lamar Murray (Decedent), who died on November 13, 2016.[2] Linda also petitioned for Decedent's children of their marriage to be placed in possession of the estate. She alleged that she had been married to Decedent, which ended in divorce, and that two children were born of the marriage: Shana Collette Murray (Shana) and Malcom Irvin Murray (Malcom I.). Linda noted that Decedent also fathered two more children, Carla Shondale Bryant, born August 1970, and Summer White, born May 1988, but that to the best of her knowledge, he had no

---

[1] After the hearing, the matter was taken under advisement and judgment was rendered on August 10, 2022. However, notice of judgment was not sent until August 15, 2022, and the motion to appeal was filed within thirty days on September 12, 2022. Thus, the filing would have been timely for a supervisory writ. *Duckering v. Rapides Healthcare Sys.*, 15-1049 (La.App. 3 Cir. 3/2/16), 187 So.3d 548 (Holding that the filing of the appeal after the thirty-day period for the filing of a supervisory writ prevented the court from considering the matter).

[2] Prior litigation involving Decedent's succession occurred under a different division and docket number of the trial court which resulted in a Last Will and Testament, dated April 29, 2016, being declared absolutely null. The 1993 Will was thereafter identified and located.

2

other children. In the 1993 Will, Decedent left the "entire disposable portion" of his estate to Linda, while Shana and Malcom I. were named as the residual legatees of Decedent's estate. In her petition, Linda prayed for probate of the 1993 Will, to dispense with any administration of the succession, and for recognition of Malcom I. and Shana as the sole legatees, and as the owners of and placed in possession of Decedent's property, namely, three (3) tracts of immovable property situated in Vernon Parish.[3]

The 1993 Will was subsequently admitted to probate by order signed on May 20, 2020, and a judgment of possession was signed and rendered on that same date, recognizing Malcom I. and Shana as the sole legatees of Decedent and sole owners of his estate. The May 20, 2020 judgment of possession was later amended on October 26, 2020, to remedy an incorrect legal description of the property, but otherwise did not change the substance of the judgment of possession.

On November 20, 2020, Linda filed a petition for annulment of the judgment of possession pursuant to La.Code Civ.P. art. 2004, for fraud or ill practices, later amended and supplemented, seeking to annul the judgment of possession and to reopen Decedent's succession under La.Code Civ.P. arts. 2004 and/or 3393(B).[4] She claimed there was an error in law in the application of La.Civ.Code art. 1608(5) to wills executed before January 1, 1998, causing Malcom I.'s and Shana's

---

[3] In subsequent pleadings, Linda asserted that she mistakenly believed that her legacy as surviving spouse and appointment as Executrix under the 1993 Will was revoked under La.Civ.Code art. 1608(5), which was added legislatively by Acts 1997, No. 1421, §1, eff. July 1, 1999, after the making of that will, so as to nullify legacies to divorced spouses, but where the act was not retroactive. La.R.S. 9:2440.

[4] Malcom I. answered the petition and filed a reconventional demand for reimbursement of significant expenses incurred as a result of his acceptance of the estate of Decedent via the judgment of possession, including the payment of debts of Decedent, property taxes, mortgage debt on the property inherited, and other such expenses totaling $88,000.

3

recognition as the sole legatees under the 1993 Will to be invalid.[5] In response, Malcom I. filed peremptory exceptions of no cause of action and/or no right of action.

Ultimately, the trial court sustained Malcom I.'s peremptory exception of no cause of action with regard to Linda's requested annulment of the judgment of possession under La.Code Civ.P. art. 2004, finding no allegations of fraud or ill practices in her petitions.[6] However, by a ruling and order dated June 29, 2022, containing written reasons, the trial court denied Malcom I.'s peremptory exception of no right of action as to Linda's request to reopen Decedent's succession under La.Code Civ.P. art. 3393(B), and allowed her to reopen the succession so as to seek to rescind the judgment of possession, and to request her recognition as the sole heir and owner of Decedent's property under the 1993 Will. A formal judgment was signed and dated August 10, 2022. Malcom I. asserts the following assignments of error:

(1) The trial court erred as a matter of law in denying Malcom[ I.]'s peremptory exception of No Right of Action; and

(2) The trial court erred as a matter of law in concluding that [Linda] was allowed to reopen the succession of Decedent pursuant to [La.Code Civ.P.] art. 3393(B) to rescind the Judgment of Possession, due to her previous error of law, despite making an irrevocable judicial confession, as provided under [La.Code Civ.P.] art. 1853, when filing the Petition for Probate and for Possession.

## OPINION

The first assignment of error alleges that the trial court erred in denying the exception of no right of action as to Linda's petition to reopen the succession. The second assignment alleges that the trial court then erred in ordering the reopening of the succession on the petition of Linda. We shall address these assignments

---

[5] Lee and Ranelle Birmingham, subsequent purchasers from Malcom I. of part of the property from the judgment of possession have intervened in the suit.

[6] This ruling was not challenged by either party.

together as they both require an examination of La.Code Civ.P. art. 3393 vis-a-vis

Linda's previous actions in petitioning the trial court to grant a judgment of

possession in favor of Malcom I. and Shana.

Louisiana Code of Civil Procedure Article 3393(B) provides in pertinent

part:

> After formal or informal acceptance by the heirs or legatees or rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be opened or reopened, as the case may be, regardless of whether or not, theretofore, any succession proceedings had been filed in court.

Here, Linda's petition to reopen the succession came after the rendition of

the judgment of possession, for which she herself prayed. She claims the judgment

of possession was rendered as the result of an error in the application of

La.Civ.Code art. 1608(5). Thus, the questions posed are whether Linda has set

forth a cause of action in her petition to allow for the reopening of the succession,

if so, whether she has a right of action to do so, and if both are answered in the

affirmative, whether the trial court abused its discretion in so doing.[7]

We do find that the trial court erred in its judgment allowing Linda to reopen

the succession, as she asserted no cause of action to allow the trial court to do so.

While the failure to grant the exception of no cause of action was not specifically

assigned as error, we consider it in connection with the trial court's judgment

allowing the reopening of the succession. "[A] court of appeal may raise the

peremptory exception of no cause of action sua sponte: 'the failure to disclose a

cause of action or a right or interest in the plaintiff to institute the suit may be

---

[7]"The exception of no right of action assumes that the petition states a valid cause of action for some person." *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n*, 94-2015, p. 5 (La. 11/30/94), 646 So.2d 885, 888

noticed by either the trial or appellate court on its own motion.'" *Moreno v. Entergy Corp.*, 10-2281, p. 3 (La. 2/18/11), 62 So.3d 704, 705 (quoting La.Code Civ.P. art. 927(B)).

As Linda's petition to reopen the succession is not for the reason of new or other property discovered, she must have some other "proper cause" to permit a reopening. La.Code Civ.P. 3393(B).

> Courts have found "other proper cause" under LSA-C.C.P. art. 3393 to exist under extremely limited circumstances, such as where a valid will is discovered after the administration of an intestate succession. *Succession of McLendon*, 383 So.2d 55 (La.App. 2nd Cir.1980). In *Estate of Sylvester*, where the trial court amended a judgment of possession because it evidenced an unequal distribution of estate assets that was not in accordance with the intent of the parties, the court of appeal applied the jurisprudence interpreting LSA-C.C.P. art. 3393 and noted that judgments of possession are rarely amended for grounds other than the discovery of additional property or new wills. *Estate of Sylvester*, 93-731, p. 5 (La.App. 3d Cir. 2/2/94), 631 So.2d 614, 619. As stated in *Sylvester*, successions are not reopened to allow for collation, *see Succession of Trouard*, 281 So.2d 863 (La.App. 3d Cir.1973); for the assertion of forced heirship rights, *see Succession of Lasseigne*, 488 So.2d 1303 (La.App. 3d Cir.), *writ denied*, 494 So.2d 327 (La.1986) and *Averette v. Jordan*, 457 So.2d 691 (La.App. 2nd Cir.1984); or for error of law, *see Succession of Williams*, 418 So.2d 1317 (La.1982) and *Succession of McCarthy*, 583 So.2d 140 (La.App. 1st Cir.1991).
>
> In *Succession of Lasseigne*, the heirs disputed the division of property after all heirs had accepted the succession unconditionally and consented to the judgment of possession, with one heir seeking to reopen the succession to assert his forced heirship rights. *Succession of Lasseigne, supra.* The court found no proper cause to reopen the succession because "[n]o creditor was appearing to demand payment of a debt, no overlooked assets sought to be recovered for distribution among the heirs had been found and all of the heirs had purely, simply and unconditionally accepted this succession." *Id.* at 1306.
>
> Likewise, in *Averette v. Jordan*, the descendants of a forced heir were precluded from asserting the forced heir's rights because the forced heir joined in the succession proceeding of the decedent and acquiesced that the property in question would be divided among his four siblings, excluding him. *Averette v. Jordan, supra* at 696.

*Succession of Villarrubia*, 95-2610, pp. 6-8 (La. 9/5/96), 680 So.2d 1147, 1150-51 (footnote omitted)(alteration in original).

In her petition, Linda asserts that the succession should be reopened because it was error for Malcom I. and Shana to have been placed in possession via the judgment of possession rather than her, because she and the trial court wrongly concluded that La.Civ.Code art. 1608(5) applied to revoke her legacy, when as a matter of law, the article nullifying legacies to divorced spouses was not applied retroactively to wills executed before January 1, 1998.[8] As clearly held in *Succession of Villarrubia*, and in *Succession of Williams*, 418 So.2d 1317 (La.1982), a legal error is not "proper cause" to reopen a succession. Further, Linda herself was the one to petition the court to place Malcom I. and Shana in possession of Decedent's property, not once, but twice, considering the second petition to amend the judgment of possession to correct a property description.

> Where one makes a judicial declaration and judgment is rendered in accordance therewith, he cannot ordinarily revoke the declaration and attack the judgment under the pretense of having made an error of law. La.Civ.Code art. 2291 [now La.Civ.Code art. 1853[9]]. Nor does it seem to make any difference that the proceeding in which the declaration was made and the judgment rendered was a consent proceeding. *Doll v. Doll*, 206 La. 550, 19 So.2d 249 (1944); *Succession of Williams*, 168 La. 1, 121 So. 171 (1929); *Succession of Carter*, 149 La. 189, 88 So. 788 (1921); *Succession of Rufin*, 143 La. 828, 79 So. 421 (1918).

*Succession of Williams*, 418 So.2d at 1319.

Clearly, this is the case here. Linda seeks to reopen the succession of Decedent contending that it was an error of law to have applied La.Civ.Code art. 1608(5) retroactively to the 1993 Will and, thus, an error to place the residual legatees Malcom I. and Shana in possession of the property. An error of law in the

---

[8] "A testament, testamentary provision, legacy, or other appointment executed prior to January 1, 1998, and valid under the law and jurisprudence prior to that date, when executed, is not invalidated by the passage of Acts 1997, No. 1421." La.R.S. 9:2440.

[9] This article provides that "[a] judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it[]" and "[a] judicial confession is indivisible and it may be revoked only on the ground of error of fact."

7

judgment of possession, certainly one judicially confessed to, is not a proper cause for the reopening of the succession. Accordingly, we grant a supervisory writ, make it peremptory, and reverse the trial court's judgment ordering the succession to be reopened.

**APPEAL CONVERTED TO AN APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED AND MADE PEREMPTORY; JUDGMENT REVERSED.**