STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

DESIREE MOSS

VERSUS

CARL MOSS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 01-4521
HONORABLE LILYNN CUTRER, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese, Judges.

**REVERSED IN PART, AMENDED IN PART, AND AFFIRMED.**

**Carl Moss**
**In Proper Person**
**3021 Deaton Street**
**Lake Charles, LA 70601**
**Counsel for Defendant- Appellant:**
    **Carl Moss**

**Randy J. Fuerst**
**Lyla B. Neelis**
**Post Office Box 2900**
**One Lakeside Plaza**
**Lake Charles, LA 70602**
**Counsel for Plaintiff-Appellee:**
    **Desiree Moss**

**PAINTER, Judge.**

In this appeal, the ex-husband, Carl Moss, challenges a judgment entered on a stipulation recited in open court. Mr. Moss avers error on the part of the trial court as follows: (1) the alleged post-dating of the signing of the judgment; (2) the alleged *ex parte* signing of the judgment; (3) allegedly holding him responsible for one hundred percent (100%) of the medical expenses not covered by insurance; (4) including the language "in good shape" in the judgment in reference to certain items of furniture; (5) including "the attorneys and personnel at Stockwell, Sievert, Viccellio, Clements & Shaddock, LLP, their families or agents and their office or home" in the judgment in reference to the restraining order; (6) including the embroidered chair in the list of items to be returned to Desiree Moss; and (7) other errors not specifically mentioned.

For the reasons that follow, we reverse only that portion of the judgment which awards the embroidered chair to Desiree Moss and render judgment awarding said chair to Carl Moss. We further amend the judgment to reflect the date of signing to be December 2, 2003, and to clarify that the percentage of medical expenses to be paid by Mr. Moss is fifty percent (50%). The judgment of the trial court is affirmed in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

Desiree and Carl Moss were divorced in Texas. Plaintiff, Desiree Moss, sought to modify the Texas divorce decree and to terminate and/or suspend Mr. Moss's access to his minor children. There were also multiple motions for contempt and for restraining orders. Trial began on August 21, 2003. On August 22, 2003, the parties entered into a stipulation which was dictated to the court reporter in open court.

1

The stipulation made the following provisions. First, it was stipulated that the restraining orders in effect for Ursula Broussard and Ann Landry (two psychologists who were treating the Moss's minor children) shall become permanent injunctions restraining Mr. Moss from coming within 250 feet of those individuals and that Mr. Moss would pay the court costs associated with those actions. Second, it was stipulated that the restraining order in effect for Randy Fuerst and/or his firm shall become a permanent injunction restraining Carl Moss from coming within 250 feet of Mr. Fuerst and/or the attorneys and personnel at Stockwell, Sievert, Viccellio, Clements & Shaddock, LLP, their families or agents and their office or home, but that this was not to prevent Mr. Moss from attending the church of his choice, and that Mr. Fuerst would sign an affidavit of non-prosecution with respect to the complaint he filed with the Calcasieu Parish District Attorney's Office. It was further stipulated that this restraining order would not include phone calls to Mr. Fuerst with respect to this case as long as he was counsel of record for Ms. Moss. Third, it was stipulated that Mr. Moss would dismiss, with prejudice, his pending rules against Ms. Moss. Fourth, it was stipulated that there would be a permanent injunction restraining Mr. Moss from coming withing 500 feet of Desiree Moss, her children, agents, family, and friends. Said injunction would be in effect with respect to the Moss children until "further orders of the Court." Fifth, it was stipulated that Mr. Moss would pay back due medical bills in the amount of $1,564.82 and attorney's fees for non-payment thereof in the amount of $1,000.00 at $150.00/month until paid. Sixth, it was stipulated that court costs for the entire matter would be borne by Mr. Moss. Seventh, it was stipulated that the Texas judgment would be made executory, except that Ms. Moss would not have to inform Mr. Moss of the children's activities due to the injunction. Eighth, it was stipulated that Ms. Moss would keep the children on

2

LACHIP. But if they became ineligible for LACHIP, Mr. Moss would have to obtain the necessary insurance to cover what LACHIP had covered and that Mr. Moss would continue to be responsible for fifty percent (50%) of the medical and dental not covered by insurance. Ninth, it was stipulated that certain items of furniture (not including the embroidered chair) would be returned to Ms. Moss on August 30, 2003, and that the trailer would be returned to Mr. Moss. Further, this portion of the stipulation would resolve Ms. Moss's claim for damages against Mr. Moss with respect to the furniture.

On October 10, 2003, Mr. Fuerst, counsel of record for Ms. Moss, reduced the stipulations to a written judgment and sent it to Mr. Moss, who was representing himself. The correspondence from Mr. Fuerst indicated that, if Mr. Moss did not sign the judgment within five (5) days, it would be submitted to the trial judge for signing without his signature. Over a month later, on November 19, 2003, Mr. Moss sent a letter to Mr. Fuerst and the trial judge indicating that he needed additional time to consider the judgment and get legal advice. On November 24, 2003, Mr. Fuerst sent the judgment to the trial judge for signature. The trial judge signed the judgment as submitted by Mr. Fuerst on December 2, 2003 but, in error, dated it December 2, 2004. It was filed in the record on December 10, 2003 and notice of judgment was sent by the Clerk's Office on December 12, 2003.

Mr. Moss filed a Motion and Order to Rescind Judgment on December 30, 2003. Said motion was denied the same day. Mr. Moss then sought writs from this court. Finding that the judgment at issue was a final, appealable judgment, we denied the writ application, converted it to an appeal, and remanded the matter to the trial court for Mr. Moss to comply with the provisions of the Louisiana Code of Civil Procedure regarding appeals.

3

**DISCUSSION**

In this appeal, Mr. Moss alleges the following errors by the trial court: (1) the alleged post-dating of the signing of the judgment; (2) the alleged *ex parte* signing of the judgment; (3) allegedly holding him responsible for one hundred percent (100%) of the medical expenses not covered by insurance; (4) including the language "in good shape" in the judgment in reference to certain items of furniture; (5) including "the attorneys and personnel at Stockwell, Sievert, Viccellio, Clements & Shaddock, LLP, their families or agents and their office or home" in the judgment in reference to the restraining order; (6) including the embroidered chair in the list of items to be returned to Desiree Moss; and (7) other errors not specifically mentioned.

At the outset, we note that La.Civ. Code art. 3071 provides as follows:

> A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

> This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.

In this case, the compromise and stipulation were recited in open court and dictated to the court reporter. The trial judge questioned Mr. Moss, who was representing himself, at length concerning his understanding of the contents of the stipulation and his agreement therewith. We find this compromise and stipulation valid and enforceable.

With respect to Mr. Moss's first argument concerning the alleged post-dating of the signing of the judgment, we find no merit therein. The record clearly and plainly reflects that the judgment was signed on December 2, 2003, and the designation that

4

it was signed on December 2, 2004 was merely a clerical error. The Notice of Judgment from the Clerk of Court indicates that the judgment was signed on December 2, 2003 and was mailed to Mr. Moss on December 12, 2003. Furthermore, the trial judge sent a letter to both Mr. Moss and Mr. Fuerst on December 10, 2003 indicating that she had signed the judgment in accordance with the stipulation entered into in open court. The court of appeal may correct clerical errors in the judgment of a trial court. *Frazier v. Carl E. Woodward, Inc.*, 378 So.2d 209 (La.App. 4 Cir. 1979). Indeed, the trial court could have corrected this error on its own initiative pursuant to La.Code Civ. Proc. art. 1951. Accordingly, we amend the judgment to reflect the actual date of signing as December 2, 2003.

Mr. Moss's second assignment of error alleges that the trial court erred in signing the judgment ex parte without considering his objections thereto. We also find this assignment of error to be without merit, agreeing with the fourth circuit which has stated as follows:

> We know of no law or jurisprudence requiring that a party or his counsel must be given an opportunity to review a judgment before its presentation to the court. Indeed, it historically was the responsibility of the court to prepare and issue its own judgments. However, in recent times, the practice has evolved into counsel preparing the judgment and submitting it to the court for signature. Professionalism and courtesy require that prior to presenting a proposed judgment to the court for signature, the presenting party or counsel must allow the opposing party or counsel a reasonable opportunity to review it and comment thereon. A trial court does not err in assuming the parties have honored these expectations.

*Ventura v. Rubio*, 00-0682, pp. 12-13 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 890, *writ denied*, 01-1065 (La. 5/4/01), 791 So.2d 662.

In this case, the parties entered into a stipulation in open court on August 22, 2003. Mr. Fuerst prepared a judgment and sent it to Mr. Moss on October 10, 2003 advising him that if he did not sign and return it within five (5) days, it would be submitted to the trial judge. Mr. Moss did not respond until November 19, 2003 and

stated that he had "many questions and must seek legal advice." The judgment was submitted to the trial judge on November 24, 2003. She held it for several days and did not sign it until December 2, 2003. No other response from Mr. Moss was forthcoming until he filed, in proper person, a Motion and Order to Rescind Judgment on December 30, 2003, which was denied the same day. Mr. Moss was given adequate time to seek legal representation, to object to the judgment, and to seek redress therefrom. Thus, we find no error in the trial court's signing of this judgment under these circumstances.

We now turn to Mr. Moss's claim that it was error for the trial court to allegedly hold him responsible for one hundred percent of the medical expenses not covered by insurance. The transcript of the stipulation is clear that Mr. Moss is "still responsible for 50 percent of the medical and dental not covered by insurance" as provided in the Texas decree made executory by consent of the parties. The judgment states that Mr. Moss "shall continue to be responsible for any medical, dental, orthodontic and prescription drug expenses not covered by insurance for the children." To the extent that Mr. Moss is genuinely confused, we agree that this should be clarified to reflect that Mr. Moss "shall continue to be responsible for fifty percent (50%) of any medical, dental, orthodontic and prescription drug expenses not covered by insurance for the children" and hereby amend the judgment in that respect.

Mr. Moss next complains that the judgment includes the words "in good shape" with respect to the furniture that he is to return to Ms. Moss. We find this argument to be without merit. Ms. Moss agreed that there would be no further action with regard to the damage case against Mr. Moss as it relates to the furniture if said furniture were returned. If the furniture were not "in good shape," this would not be the case.

6

In his next assignment of error, Mr. Moss complains of the inclusion of "the attorneys and personnel at Stockwell, Sievert, Viccellio, Clements & Shaddock, LLP, their families or agents and their office or home" in that portion of the judgment relating to the restraining order against Mr. Moss covering Mr. Fuerst. We also find this assignment of error to be without merit as it is consistent with the transcript. Further, Mr. Moss voiced his concern over the inclusion of the employees because some of them attended the same church he attended. The judgment makes clear that the restraining order should not prevent Mr. Moss from attending the church of his choice.

Mr. Moss next complains that the judgment provides that a certain embroidered chair be returned to Ms. Moss when the stipulation provided that he was to keep this particular item of furniture. Ms. Moss agrees that Mr. Moss is to keep this embroidered chair and the transcript indicates that the stipulation was that Mr. Moss was to keep this item. Accordingly, we reverse only that portion of the judgment providing that Mr. Moss is to return the embroidered chair to Ms. Moss and render judgment awarding the embroidered chair to Mr. Moss.

Finally, Mr. Moss asserts "many other errors with the judgment;" however, he does not specifically name these errors or specifically brief these alleged errors. Since this assignment of error is not briefed, we deem it abandoned and do not consider any other alleged errors in the judgment. Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.4. Accordingly, the remainder of the judgment is affirmed.

**DECREE**

For the above reasons, only that portion of the trial court judgment awarding the embroidered chair to Desiree Moss is reversed, and judgment is rendered awarding

7

said embroidered chair to Carl Moss according to the stipulation recited in open court on August 22, 2003. Furthermore, the judgment of the trial court is amended to reflect the actual date of signing, December 2, 2003, and to clarify that the percentage of medical expenses to be paid by Carl Moss is fifty percent (50%). In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Defendant-Appellant, Carl Moss.

**REVERSED IN PART, AMENDED IN PART, AND AFFIRMED.**