DENNIS R. BAGNERIS, SR., Judge.
hThe appellants, Daniel and Kathryn Friel, et al., appeal the judgment of the district court granting the appellee’s, NOW Construction’s (hereinafter “NOW’), peremptory exception of no cause of action and alternatively peremptory exception of prescription. The district court ruled that the appellants cannot maintain a negligence claim or redhibition claim against NOW. For the reasons that follow, we reverse and remand.
Facts/Procedural History
The appellants are homeowners of properties in the Lakeview area of New Orleans. The properties are located at 6511 and 6577 General Diaz Street. On December 4, 2007, Scott McIntyre sold 6577 to William Callihan; an appellant herein. On March 14, 2008, Mr. McIntyre sold 6511 to Daniel and Kathryn Friel. The appellants purchased the properties after Mr. McIntyre renovated the homes due to damage from hurricane Katrina. Mr. McIntyre used NOW construction for the remodeling of the homes.
| Jn March of 2010, the Friels discovered that their home was renovated with what they allege to be toxic Chinese Drywall. Subsequently in April 2010, the Callihans also discovered that their home was constructed with Chinese Drywall. According *182 to the appellants, the Chinese Drywall “emitted sulfur compounds that corroded metals and caused health problems for the residents of the homes”; a problem that has become all too familiar to New Orleans homeowners subsequent to Hurricane Katrina.
On April 13, 2010, the appellants filed suit in Civil District Court for the Parish of Orleans against Louisiana Citizens Property Insurance Corporation (hereinafter “Louisiana Citizens”). On June 8, 2010, the appellants filed their First Amended and Supplemental Petition for Damages and Petition for Declaratory Judgment naming NOW, Scott McIntyre, and Louisiana Citizens as defendants. On March 1, 2011, NOW filed a Peremptory Exception of No Cause of Action and in the Alternative, Peremptory Exception of Prescription.
The district court granted NOW’s exceptions on April 28, 2011, ruling that NOW did not owe a duty to the appellants, that the appellants did not maintain a claim for redhibition[1] and that amending the Petition for Damages would not cure the defects. It is from this judgment that the appellants take the instant appeal.
The appellants failed to brief this Court with any specific assignments of errors or issues for review. We reference the May 19, 2011 judgment wherein the appellee’s exceptions were granted and the district court reasoned that “NOW Construction, does not owe a duty to plaintiffs. Therefore, plaintiffs cannot maintain a negligence cause of action against NOW Construction”. For appellate purposes we begin by reviewing the record and the briefs to determine whether ^prescription has run. From there we direct our opinion to whether the appellants’ claims are sufficiently pled to withstand the preemp-tory exception of no cause of action
Prescription
Standard of Review
In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court’s finding of fact was manifestly erroneous. Katz v. Allstate Ins. Co., 2004-1133, p. 2 (La.App. 4 Cir. 2/2/05), 917 So.2d 443, 444. When evidence is received on the trial of the exception, the factual conclusions of the trial court are reviewed by the appellate court under the manifest error-clearly wrong standard. Id. Louisiana law provides no prescriptive period specifically applicable to a declaratory judgment action. Instead, courts must look to the cause of action that forms the underlying basis of the request in determining which prescriptive period applies, dela Vergne v. dela Vergne, 99-0364, p. 8 (La.App. 4 Cir. 11/17/99), 745 So.2d 1271, 1275.
Brown v. Schreiner, 81 So.3d 705 (La.App. 4 Cir.2011).
The appellants brief that the applicable prescription period is provided in La. Civ. Code Art. 2534(B) and that NOW is incorrect in its argument that the appellants’ claims have prescribed. La. Civ.Code Art. 2534(B) states, “[t]he action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.”
NOW maintains that the appellants improperly rely on La. Civ.Code Art. 2534(B) when the proper prescriptive period is pro *183 vided in La. Civ.Code Art. 2534(A)(2) which states, “... when the defect is of residential or commercial immovable property, an action for redhibition against a seller who did not know of [¿the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.”
Both of these arguments fail. The appellants openly withdrew their claim for redhibition, therefore any argument under La. Civ.Code Art. 2534 is moot because the statute applies to redhibition claims.
In NOWs supplemental argument, it maintains that La. Civ.Code Art. 3492 provides the prescriptive period for the appellants’ claims arguing that their claims are delictual actions and are subject to libera-tive prescription of one year which would have commenced when the drywall was installed; approximately a year and a half before appellants filed their petition.
The record is void of any argument as to prescription under La. Civ.Code Art. 3492, nor did the district court address prescription in detail at the hearing on the exceptions. Although appellate review of prescription is a de novo review, this Court will not and cannot offer an argument as to prescription on behalf of the parties; therefore, we find the issue of prescription unarguable at this time.
Cause of Action
Standard of Review
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Fink v. Bryant, 01-0987, p. 3 (La.11/29/01), 801 So.2d 346, 348. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Id., pp. 348-349. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. Id. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Id. Because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition, the appellate court reviewing the judgment should subject the case to a de novo review. Id.
\ 5Becnel v. Grodner, 2007-1041 (La.App. 4 Cir. 4/2/08), 982 So.2d 891, 894.
The appellants’ First Amended Petition for Damages alleges that NOW is liable under La. Civil Code Art. 2315[2] and for redhibition. The appellants argue on appeal that their petition contains well pled facts and clearly states a claim for negligence. The appellants further maintain that their well pled allegations in their petition should be accepted as true. Specifically, that NOW, as a named defendant under liability, knew or should have known that the Chinese Drywall installed in the homes did not meet the applicable standards; that the Chinese drywall was markedly different from domestic drywall; that NOW should have known that the Chinese drywall failed to meet the applicable code requirements; and that NOW chose to install the drywall despite the apparent defects.
NOW argues that the appellants fail to state a claim for negligence in their peti *184 tion and that the only reference to NOW, as a named defendant, is in redhibition; once again, a legal theory withdrawn by the appellants.
NOW is listed in paragraph 1 of the amended petition which alleges that its remediation of the homes with Chinese drywall caused the “plaintiffs” unsafe, unsanitary and otherwise unlivable conditions. The petition further alleges that the “defendants” are liable under La. Civil code Art. 2315. We can determine from the pleading that NOW was intended to be a named defendant under both La. Civil Code Art. 2315 and redhibition. The district court ruled on the theory of negligence and it is our duty to review that ruling. NOWs argument is without merit.
[fiIn Bowser v. Premier Automotive Group, 2007-0324 (La.App. 4 Cir. 11/14/07), 971 So.2d 426, this Court reversed and remanded the district court’s granting of an exception of no cause of action and alternatively summary judgment. The plaintiffs in Bowser filed suit alleging that the defendants failed to properly install a handicap ramp causing the plaintiffs “aggravation, anguish, annoyance, anxiety, depression and inconvenience”, however the defendants responded by arguing that insufficient facts were pled to support the recovery of damages. This Court relied on the Louisiana Supreme court case Industrial Co., Inc. v. Durbin, 2002-0665, (La.1/28/03), 837 So.2d 1207, 1213, wherein it reasoned:
[t]he function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the petition and, for purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a district court’s ruling sustaining an exception of no cause of action, the appellate court and this court should conduct a de novo review because the exception raises a question of law and the district court’s decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.
Additionally, the district court shall order an amendment to the petition when the grounds of the objection may be removed by amendment, (citations omitted).
Our de novo review of the record reveals that the district court concluded that NOW did not have a duty to the appellants under La. Civ.Code Art. 2315. 17Although the district court made such a finding, it was done in error. A district court hearing on an exception is not the proper procedural tool to determine fact based findings or to make a judgment on the merits. At this juncture of the case, it is not the duty of the district court to determine whether the party can prevail and if so, against whom. The district court was not obligated to determine whether NOW owed the appellants a duty. The district court specifically acknowledged that the matter before it “is not a summary judgment”; an appropriate time *185 to determine negligence after a de novo review of the pleadings, depositions, answers to interrogatories ... show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code of Civ. Pro Art. 966(B).
Looking at the four corners of the appellants’ petition, we find that a cause of action is stated and well pled. The appellants allege that their action for damages arise out of NOW’s installation of the defective drywall and that the appellants incurred breathing problems and other personal injuries as a result; enough to sustain a cause of action. “All well pleaded allegations of the petition and any annexed documents must be accepted as true, and any doubt resolved in favor of the petition”. Reis v. Fenasci & Smith, 93-1785 (La.App. 4 Cir. 4/14/94), 635 So.2d 1319, 1321; Leaming v. Century Vina, Inc., 2004-1599 (La.App. 4 Cir. 5/1/05), 908 So.2d 21, 24.
Whether the appellants will prevail is not the query at this point, only whether they stated a cause of action that warrants a remedy. We find that they did.
Decree
For the reasons stated herein, we reverse the judgment of the district court granting the exception of no cause of action and in the alternative prescription in 1 sfavor of NOW, and remand this matter to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED
LOVE J., concurs and assigns reasons.

. At oral argument the appellants voluntarily withdrew any claim and appellate argument as it relates to redhibition.

. The petition erroneously lists liability under La. Civil Code Art. 2415, however it is undisputed by the parties that this was a mere error in citation.