SUCCESSION OF NADINE    *      NO. 2021-CA-0621
MARIE RACHAL

                       *      COURT OF APPEAL

                       *      FOURTH CIRCUIT

                       *      STATE OF LOUISIANA

            * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-06502, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

Carol A. Newman
CAROL A. NEWMAN, APLC
813 South Carrollton Avenue
New Orleans, LA 70118

     COUNSEL FOR DEFENDANT/APPELLANT

Ryan S. McBride
ATTORNEY AT LAW
1000 Veterans Memorial Blvd., Suite 204
Metairie, LA 70005

     COUNSEL FOR PLAINTIFF/APPELLEE

**JUDGMENT AMENDED IN PART, VACATED, SET ASIDE, AND
REMANDED
JUNE 8, 2022**

SCJ
JCL
RML

This appeal involves the dismissal of a petition to reopen the succession of Nadine Marie Rachal. Dalton Savwoir, the surviving spouse, appeals the trial court's July 15, 2021 judgment granting the Independent Executrix, Cheryl A. Rachal's peremptory exceptions of no right of action and no cause of action, declinatory exception of lack of subject matter jurisdiction, and dilatory exception of improper cumulation. Mr. Savwoir also appeals the trial court's grant of Ms. Rachal's motion to quash subpoenas, and the dismissal of his petition to reopen succession and set aside judgment of possession. For the reasons assigned, we vacate and set aside the trial court's judgment sustaining the exceptions, granting of the motion to quash subpoenas, and the dismissal of Mr. Savwoir's petition.

**FACTUAL AND PROCEDURAL HISTORY[1]**

Nadine Marie Rachal (the "decedent"), whose succession is the subject of this litigation, was married to Mr. Savwoir. Prior to the marriage, the decedent

_____

[1] The trial court sustained all of Ms. Rachal's exceptions, which in effect dismissed Mr. Savwoir's petition to reopen succession. The judgment is silent as to whether the petition was dismissed with or without prejudice. *See Moon v. City of New Orleans*, 2015-1092, p. 6 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425.

acquired immovable property located at 4335 Spain Street in New Orleans (the "property").

On May 20, 2016, the decedent executed an olographic last will and testament (the "will"), which named Mr. Savwoir; her sister, Ms. Rachal; her niece, Erica Rachal; and her nephew, Brandon Rachal as legatees. The decedent named Ms. Rachal as the independent executrix of her estate. The decedent also donated one-half of her interest in the property to Mr. Savwoir.

On September 14, 2017, the decedent executed a codicil to the will ("Codicil 1"), and donated her remaining one-half interest in the property to Mr. Savwoir. Thereafter, on October 2, 2017, the decedent amended the donation in a second codicil ("Codicil 2") to give the remaining one-half interest of the property to Ms. Rachal.

Decedent passed away on June 14, 2020. On August 4, 2020, Ms. Rachal filed a "Petition to File and Probate Olographic Testament and Codicils and for Appointment of Independent Executrix." On August 4, 2020, the trial court entered an order probating the will, and naming Ms. Rachal as the independent executrix of the succession.

On October 20, 2020, Ms. Rachal filed a "Petition to Terminate Administration, Waive Final Accounting, Discharge of Independent Executrix, and for Possession," and attached a sworn detailed descriptive list of assets of $413,500.00 and liabilities of $90,173.24. A judgment of possession was entered on October 22, 2020.

On November 10, 2020, Mr. Savwoir filed a motion for temporary restraining order. Attached to the motion was a formal proof of claim, in which Mr. Savwoir asserted that he was due $179,805.40. On November 20, 2020, the trial

2

court held a hearing on the motion for temporary restraining order, and denied the motion.

On January 8, 2021, Mr. Savwoir filed a "Petition to Reopen Succession, Set Aside Judgment of Possession, Appoint Dative Executor for Return of Estate Assets, for Restraining Order to be issued to Decedent's Surviving Sister, and for Satisfaction of Formal Proof of Claim." On January 15, 2021, Mr. Savwoir filed an amended proof of claim, increasing his claim to $181,000. Mr. Savwoir also subpoenaed the financial statements and records of the decedent.

Thereafter, on April 2, 2021, Ms. Rachal filed peremptory exceptions of no cause of action and no right of action, dilatory exception of improper cumulation of actions, declinatory exception for lack of subject matter jurisdiction, and a motion to quash subpoenas.

A hearing was held on Ms. Rachal's exceptions and motion to quash on June 25, 2021. On July 15, 2021, the trial court entered the following Judgment:

> After considering the pleadings, the evidence, the law, and for the reasons assigned, the Court renders judgment as follows:
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that Independent Executrix, Cheryl A. Rachal's *Peremptory Exception of No Right of Action, Peremptory Exception of No Cause of Action, Dilatory Exception of Improper Cumulation of Actions, Declinatory Exception for Lack of Subject Matter Jurisdiction, and Motion to Quash Subpoena with Incorporated Memorandum in Support,* is hereby **GRANTED.**

(Emphasis on the original.)

Mr. Savwoir filed a motion for suspensive appeal. Thereafter, on July 28, 2021, the trial court, on its own motion, entered an amended judgment. The trial court granted the order of appeal on September 30, 2021. This appeal follows.

**DISCUSSION**

3

Mr. Savwoir asserts three assignments of error:

1) The trial court erred in sustaining the exceptions of no right of action and no cause of action because the petition to reopen the succession included allegations as to Mr. Savwoir's status as the surviving spouse, legatee, and creditor of Decedent's estate.

2) The trial court erred in granting the exceptions of lack of subject matter jurisdiction and improper cumulation of actions because the exceptions had been waived by Ms. Rachal by voluntarily participating in the hearing of the peremptory exceptions.

3) The trial court erred in granting the motion to quash the subpoenas for records of the accounts of the decedent that would be discoverable to establish the interest and value of the omitted assets of the estate in a proceeding filed under La. C.C.P. art. 3393.

First, we address the trial court's attempt to amend its judgment.

*Amended Judgment*

On July 28, 2021, the trial court, on its own motion, entered an amended judgment. In the introductory paragraph of the judgment, the trial court provides that it amends the judgment "signed on July 15, 2021, with an error in the date of the signing of [j]udgment." The amended judgment, however, does not reflect the date of the judgment it is amending. The judgment is also silent on the correct date of "signing of judgment" that it seeks to amend.

The original judgment in the record is dated June 15, 2021, and the reasons for the judgment are dated July 15, 2021. The hearing on the exceptions was held on June 25, 2021. Mr. Savwoir filed a "Form C" that described the judgment rendered, and pointed out that the date of the judgment pre-dates the hearing date on the exceptions.

We find that the trial court erred in amending the judgment pursuant to La. C.C.P. art. 1951. Article 1951 requires a hearing before a final judgment may be amended, unless the parties consent to the amendment or no opposition is filed

after notice. *See Cmty. Associates, Inc. v. Taylor*, 2019-0242, p. 5 (La. App. 4 Cir. 7/31/19), ---So.3d---, 2019 WL 3470941, *3. Here, the trial court could amend the judgment if the parties consented or after it provided notice. The record is void of consent from the parties or certification from the trial court that it notified the parties five days before the amendment. *See* La. C.C.P. art. 1951. Therefore, the July 28, 2021 judgment is a nullity.

Although we find that the July 28, 2021 judgment is a nullity, the court of appeal may correct clerical errors in the judgment of a trial court. *See Moss v. Moss,* 2005-455, p. 5 (La. App. 3 Cir. 11/2/05), 916 So.2d 455, 458 (citing *Frazier v. Carl E. Woodward, Inc.,* 378 So.2d 209 (La. App. 4 Cir. 1979)); *See also Cmty. Associates, Inc.*, 2019-0242, p. 5 (La. App. 4 Cir. 7/31/19), ---So.3d----, 2019 WL 3470941, *3. The June 15, 2021 judgment is amended to reflect the date of judgment as July 15, 2021.

Next, we turn to the two peremptory exceptions sustained by the trial court.

*Peremptory Exception of No Cause of Action*

In reviewing a peremptory exception of no cause of action, the appellate court should subject the case to *de novo* review because the exception raises a question of law, and the trial court's decision is based solely on the sufficiency of the petition. *Daniels v. State*, 2020-0175, p. 6 (La. App. 4 Cir. 10/21/20), ---So.3d----, 2020 WL 6156387, *3 (citing *Deutsche Bank Nat'l Trust Co. v. McNamara*, 2017-0173, pp. 4-5 (La. App. 4 Cir. 10/18/2017), 316 So.3d 881, 883). The peremptory exception of no cause of action tests the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the petition. *Friel v. Louisiana Citizens Prop. Ins. Corp.*, 2011-1032, p. 4 (La. App. 4 Cir. 2/8/12), 85 So.3d 180, 183. "No evidence may be

introduced to support or controvert the object that the petition fails to state a cause of action." *Id.* Therefore, the exception is triable on the face of the petition. *Id.*

Mr. Savwoir argues that the trial court erred in sustaining the exception of no cause of action because his petition to reopen the succession of the decedent stated a cause of action and affords him a remedy in law based on the facts alleged in the petition. We agree.

La. C.C.P. art. 3393 provides:

A. After a succession representative has been discharged, if other property of the succession is discovered or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be reopened. The court may reappoint the succession representative or appoint another succession representative. The procedure provided by this Code for an original administration shall apply to the administration of a reopened succession in so far as applicable.

B. After formal or informal acceptance by the heirs or legatees or rendition of a judgment of possession by a court of competent jurisdiction, *if other property is discovered, or for any other proper cause, upon the petition of any interested person*, the court, without notice or upon such notice as it *may direct, may order that the succession be opened or reopened*, as the case may be, regardless of whether or not, theretofore, any succession proceedings had been filed in court. The court may appoint or reappoint the succession representative, if any, or may appoint another, or new, succession representative. The procedure provided by this Code, for an original administration, shall apply to the administration of successions formally or informally accepted by heirs or legatees and in successions where a judgment of possession has been rendered, in so far as same is applicable.

C. The reopening of a succession shall in no way adversely affect or cause loss to any bank, savings and loan association or other person, firm or corporation, who has in good faith acted in accordance with any order or judgment of a court of competent jurisdiction in any previous succession proceedings.

(Emphasis added.)

The petition to reopen the succession seeks to set aside the judgment of possession that was entered by the trial court. Mr. Savwoir alleges in the petition

6

that he is the surviving spouse of the decedent and a legatee in her will. Mr. Savwoir further alleges that eighteen financial accounts were overlooked and not included in the succession assets.

We find that Mr. Savwoir states a cause of action that affords him a remedy in law. "[I]f other property is discovered, or for any other proper cause, upon the petition of any interested person, the court, without notice or upon such notice as it may direct, may order that the succession be opened or reopened . . . " *See* La. C.C.P. art. 3393. Accordingly, that portion of the trial court's judgment sustaining Ms. Rachal's exception of no cause of action is set aside.

*Peremptory Exception of No Right of Action*

Mr. Savwoir argues that the trial court erred in sustaining the exception of no right of action because he is an interested person permitted to reopen a succession under Article 3393. A peremptory exception of no right of action assumes that the petition offers a valid cause of action and considers whether the plaintiff is a member of the class that has a legal interest in the underlying case. *Succession of Horrell*, 2021-0168, p. 7 (La. App. 4 Cir. 11/17/21), 331 So.3d 1072, 1079 (citing *In re Succession of Duskin*, 2014-0236, p. 4 (La. App. 4 Cir. 11/19/14), 153 So.3d 567, 571). An exception of no right of action is reviewed *de novo* as it presents a question of law. *Hosp. Consultants, LLC v. Angeron*, 2009-1738, p. 6 (La. App. 4 Cir. 6/9/10), 41 So.3d 1236, 1240 (citing *Hornot v. Cardenas*, 2006–1341, p. 12 (La. App. 4 Cir. 10/3/07), 968 So.2d 789, 798).

La. C.C.P. art. 681 provides that "[e]xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."

7

The Supreme Court has noted that when an appellate court reviews a trial court's ruling on an exception of no right of action, it "should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 2010-2267, 2010-2272, 2010-2275, 2010-2279, 2010-2289, p. 7 (La. 10/25/11), 79 So.3d 246, 256.

An appellate court begins its analysis of an exception of no right of action with an examination of the pleadings. *N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 6 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1017 (citing *Gisclair v. Louisiana Tax Comm'n*, 2010-0563, p. 2 (La. 9/24/10), 44 So.3d 272, 274)

*In re Succession of Stalter*, 2015-740 (La. App. 3 Cir. 12/23/15), 182 So.3d 1145, addressed whether a legatee and heir was precluded from seeking to reopen the succession after her participation in the succession proceeding. Plaintiff appealed the trial court's grant of defendant's peremptory exceptions of no cause of action, no right of action, and judicial confession. The court found that the plaintiff, as an heir and legatee, undoubtedly had an interest in the succession of her father's estate. *In re Succession of Stalter*, 2015-740, p. 7, 182 So.3d at 1149.

In the instant case, the petition to reopen the succession named Mr. Savwoir as the sole plaintiff and additionally alleges 1) that he is a legatee and the surviving spouse of the decedent, and 2) he is entitled to reimbursement in the amount of $179,805.40 for mortgage payments and the down payment the decedent received from Mr. Savoir for the property. Further, the petition identifies eighteen financial accounts of the decedent that were not included in the succession assets.

La. C.C.P. art. 3393 provides that any interested person may petition to reopen a succession if other property of the succession is discovered or for any other proper cause. Similar to *In re Succession of Stalter*, Mr. Savwoir has established that he is an interested party to reopen the succession, as a legatee and creditor. As such, Mr. Savwoir belongs to "the class of persons that has a legal interest in the subject matter of the litigation." *In re Succession of Duskin*, 2014-0236, p. 10, 153 So.3d at 575 (citing *J–W Power Co. v. State ex rel. Dep't of Revenue & Taxation,* 10-1598, pp. 7-8 (La. 3/15/11), 59 So.3d 1234, 12390. Accordingly, the trial court erred in sustaining the exception of no right of action. That portion of the trial court's judgment sustaining the exception of no right of action is hereby set aside.

*Declinatory Exception of Lack of Subject Matter Jurisdiction*

Mr. Savwoir contends that the trial court erred in sustaining Ms. Rachal's exception of lack of subject matter jurisdiction and exception of improper cumulation of actions. "The exception of lack of subject matter jurisdiction is a question of law and is reviewed *de novo*." *City of New Orleans v. New Orleans Civil Serv. Comm'n*, 2020-0521, p. 3 (La. App. 4 Cir. 12/1/21), 332 So.3d 717, 720.

"Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La. C.C.P. art. 1. "Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. Further, the jurisdiction of a court over the subject matter of an action or proceeding cannot

9

be conferred by consent of the parties or waived, and a judgment rendered by a court which lacks jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.

When a lack of subject matter jurisdiction is not apparent on the face of the petition, the burden is on the defendant to offer evidence in support of the exception. *Guy v. Calvit*, 2019-1675, pp. 8-9 (La. App. 1 Cir. 8/5/20), 311 So.3d 362, 368 (citing La. C.C.P. art. 930; *Dickens v. Louisiana Corr. Inst. for Women*, 2011-0176, p. 4 (La. App. 1st Cir. 9/14/11), 77 So. 3d 70, 73). "When the court lacks jurisdiction of . . . one of the actions cumulated, that action shall be dismissed." *Bone v. Otis Elevator Co.*, 2018-0745, p. 3 (La. App. 4 Cir. 12/12/18), 261 So.3d 948, 950 (citing La. C.C.P. art. 464).

La. C.C.P. art. 2811 provides in pertinent part that "[a] proceeding to open a succession shall be brought in the district court of the parish where the deceased was domiciled at the time of [her] death."

A trial court has subject matter jurisdiction over any incidental matters remaining in a succession. "It is immaterial whether the succession was open or closed." *Succession of McCall v. McCall*, 550 So.2d 328, 332 (La App. 3rd Cir. 1989). The trial court erred in sustaining Ms. Rachal's exceptions of lack of subject matter jurisdiction. Accordingly, that portion of the judgment sustaining the exception of lack of subject matter jurisdiction is set aside. The trial court is ordered to consider Mr. Savwoir's petition to reopen the succession.

*Dilatory Exception of Improper Cumulation*

Next, Mr. Savwoir argues that the trial court erred in granting the exception of improper cumulation of actions.

10

"An exception of improper cumulation is 'a final judgment subject to a manifest error standard of review.'" *Element Pictures, L.L.C. v. LIFT (Louisiana Inst. of Film Tech.), L.L.C.*, 2018-0054, p. 3 (La. App. 4 Cir. 4/6/18), 317 So.3d 859, 862 (quoting *Dietz v. Superior Oil Co.*, 2013-657, p. 3 (La. App. 3 Cir. 12/11/13), 129 So.3d 836, 839).

La. C.C.P. art. 462 provides:

A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if:

(1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and

(2) All of the actions cumulated are mutually consistent and employ the same form of procedure.

The requirement that all of the actions employ the same form of procedure refers merely to whether each of the cumulative actions employ either ordinary, executory or summary procedure. *Mortgage Elec. Registration Sys., Inc. v. Wells*, 2005-0795, p. 5 (La. App. 4 Cir. 4/5/06), 930 So.2d 117, 119-20.

La. C.C.P. art. 464 addresses the effect of improper cumulation, providing:

When the court lacks jurisdiction of, or when the venue is improper as to, one of the actions cumulated, that action shall be dismissed.

When the cumulation is improper for any other reason, the court may: (1) order separate trials of the actions; or 2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff's suit.

"Well-settled jurisprudence provides that it is proper to hear a motion for [temporary restraining order] by way of summary proceeding if the [temporary restraining order] is ancillary to a petition for permanent injunction or other ordinary proceedings." *NGA 911, LLC v. Orleans Par. Commc'n Dist.*, 2021-0287,

11

p. 3 (La. App. 4 Cir. 1/27/22), ---So.3d----, 2022 WL 1043629, *2 (quoting *Forrester v. Bruno*, 2018-0648, p. 13 (La. App. 4 Cir. 5/1/19), ---So.3d ----, ----, 2019 WL 1940341, *7).

Here, in the petition to reopen the succession, Mr. Savwoir requests that a restraining order be issued to Ms. Rachal to prohibit her from taking any further estate assets until the matter is resolved. We find that the causes of actions in Mr. Savwoir's petition employ different forms of procedure. A motion for temporary restraining order employs a summary proceeding, whereas a petition to reopen succession employs an ordinary proceeding. Thus, cumulation of those actions is improper.

However, the trial court erred in dismissing the claims. Pursuant to La. C.C.P. art. 464, it is within the trial court's discretion to either order separate trials of the actions or order Mr. Savwoir to elect which action to proceed with, and to amend and delete allegations which he will not proceed with. Dismissal of the petition is appropriate only after the trial court has allowed the petitioner to elect how he will proceed and the petitioner has failed to comply with the order of the trial court to correct the improper cumulation of actions. *See Broussard v. Hilcorp Energy Co.*, 2008-233, pp. 10-11 (La. App. 3 Cir. 12/10/08), 998 So.2d 946, 954 (finding that the trial judge correctly ruled that the actions were improperly cumulated, however; the trial judge should have ordered separate trials or ordered the plaintiffs to delete allegations about the action they chose not to continue).

The trial court did not afford Mr. Savwoir the opportunity to cure the defect in his petition. For that reason, we set aside that portion of the judgment sustaining Ms. Rachal's exception of improper cumulation of actions and order the trial court to grant Mr. Savwoir the opportunity to elect the action for which he will proceed

and amend his petition within a reasonable time set by the court. *See* La. C.C.P. art. 464.

*Motion to Quash Subpoenas*

Mr. Savwoir argues that the trial court erred in granting the motion to quash. Mr. Savwoir's subpoenas requested discovery of particular information relating to the decedent's assets, and specifically listed the financial institutions from which he sought discovery. "[A] trial court's ruling on a motion to quash can be found to be an abuse of discretion if the trial court's factual findings are not supported by evidence in the record or if the court's legal findings or conclusion are erroneous." *State v. Karey*, 2016-0377, p. 7 (La. 6/29/17), 232 So.3d 1186, 1192.

Here, the June 25, 2021 hearing transcript is devoid of any substantive discussion of the motion to quash. The trial court failed to specifically address the motion to quash and the parties did not present arguments on the motion to quash. The parties solely stated their respective prayer for relief in regards to the motion to quash the subpoenas.

In light of our finding that the trial court erred in sustaining the exceptions of no cause of action, no right of action, lack of subject matter jurisdiction, and dismissing Mr. Savwoir's claims in effect, we set aside the trial court's judgment granting the motion to quash, as our remand for further proceedings renders discovery necessary for the progression of the case, at the trial court's discretion. *See* La. C.C.P. art. 1422.[2]

**CONCLUSION**

---

[2] La. C.C.P. art. 1422 provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. . . ."

13

The July 15, 2021 judgment is vacated and set aside, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

**JUDGMENT AMENDED IN PART, VACATED, SET ASIDE, AND REMANDED**